**Elton WATTS, Appellant,**

v.

**Joseph S. PETROVSKY,
Warden, Appellee.**

No. 84–1800.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1985.

Decided March 26, 1985.

Gregory K. Johnson, Springfield, Mo., for appellant.

Michael Jones, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before LAY, Chief Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Elton Watts appeals from the district court's order denying him leave to appeal in forma pauperis and dismissing without prejudice his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 (1982).[1] Watts argues on appeal that the district court erred in ruling that the United States Parole Commission did not abuse its discretion in setting Watts' reparole date.

**Facts**

Elton Watts was originally sentenced to a six-year federal prison term in May of 1976. On April 23, 1979, Watts was released on parole, and was to remain on parole until May 16, 1984. On March 11, 1982, however, the United States Parole Commission issued a parole violator warrant for Watts on charges of stealing a scheduled narcotic, carrying a concealed weapon, and displaying a weapon. The warrant was supplemented on May 3, 1982 to reflect Watts' conviction in Missouri Municipal Court of carrying a concealed weapon. Watts was arrested the same day.

On July 29, 1982, Watts attended his parole revocation hearing before a panel of Parole Commission hearing examiners. During the hearing, the examiners and Watts discussed various factors, including the charges against Watts, his community resources, and his parole risk. The panel also considered a serious incident report from the Institutional Disciplinary Committee (IDC) finding Watts guilty of making written threats against prison employees.

The Parole Commission found Watts had violated the conditions of his parole. Using the guidelines set forth under 28 C.F.R. §§ 2.20–.21, the Commission gave Watts a salient factor score of 4, placing him in the "fair" parole risk category. Assuming good institutional adjustment and program progress, the guidelines for determining the total time to be served before reparole suggested Watts spend 18–24 months in prison. *See* 28 C.F.R. § 2.20(b). Concern over Watts' poor institutional adjustment, evidenced by the IDC report, led the Commission panel to recommend that Watts serve 60 days beyond the upper limit of the suggested guidelines. The Commission panel thus recommended Watts serve a total of 26 months before parole.

On September 12, 1982, the Parole Commission Regional Commissioner, as authorized under 28 C.F.R. § 2.24(b)(2), modified the recommendation of the Commission panel by six months. Watts was served with a notice of action informing him that his new presumptive parole date would be January 2, 1985.

Watts sought unsuccessfully reversal of the final Parole Commission decision both on reconsideration by the Regional Commissioner and on appeal to the National Appeals Board of the Parole Commission. Having exhausted his administrative remedies, Watts filed his petition for writ of habeas corpus. The district court denied Watts' petition and he filed this appeal.

---

1. The Honorable William R. Collinson, Senior Judge, United States District Court for the Western District of Missouri, Southern Division.

On or about January 4, 1985, before Watts' appeal was orally argued and taken under submission, Watts was paroled. Under the circumstances, we find that the issue raised here is no longer ripe for adjudication. In a supplemental memo requested by this court, Watts urges that his parole may once again be revoked and the IDC report might be used against him. We agree with the government that such a claim is speculative. The appeal is dismissed for lack of jurisdiction.