971 F.2d 118
 Carl Dwayne PRINCE, Appellee,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction,
Appellant.
Carl Dwayne PRINCE, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.
 Nos. 92-1203, 92-1287.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 12, 1992.
Decided July 24, 1992.
Rehearing and Rehearing En Banc Denied in No. 92-1203 Sept.
22, 1992.
 
 Kelly Hook Hill, Asst. Atty. Gen., Little Rock, Ark., argued, for appellant.
 Gary Person Fort Smith, Ark., argued, for appellee.
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 MAGILL, Circuit Judge.
 
 
 1
 The government appeals the district court's grant of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), to Carl Dwayne Prince. Prince was convicted in state court of burglary of a pharmacy, Ark.Code Ann. § 5-39-201 (1987), and the underlying felony of theft of property. Ark.Code Ann. § 5-36-103 (1987). The district court granted the writ, finding that the trial court's refusal to allow Prince to introduce evidence of a previous acquittal rendered the trial fundamentally unfair in violation of the due process clause of the Fourteenth Amendment. Prince, on cross-appeal, argues that the introduction into evidence of pharmaceutical drugs from his previous possession trial constituted double jeopardy and the government was collaterally estopped from introducing it.[1] After careful review of the record, particularly the transcripts of the two trials at issue, we reverse the district court's grant of the writ on due process grounds and affirm the district court's denial of the writ on Prince's double jeopardy and collateral estoppel grounds.
 
 I.
 
 2
 On February 7, 1989, a burglary occurred at Medi-Sav Pharmacy in Fort Smith, Arkansas (Sebastian County). A number of controlled, pharmaceutical drugs were taken. On February 22, police executed a search at a cabin owned by Prince's girlfriend's parents in Crawford County, Arkansas. In a small, unlocked outbuilding the police found and seized numerous controlled, pharmaceutical drugs, including a bottle of Val-release that was positively identified as one that was taken from the Medi-Sav Pharmacy.
 
 
 3
 Prince was initially tried and acquitted in Crawford County for possession with intent to deliver and simple possession of drugs seized at the Crawford County cabin. Prince was then tried in Sebastian County for the burglary of the Fort Smith Medi-Sav Pharmacy and for the underlying felony of theft of property (pharmaceutical drugs). At that trial, most of the evidence that had been introduced in the Crawford County trial was again introduced as evidence of the burglary/theft. Prince, who was pro se, objected to the introduction of the drugs and other evidence seized in Crawford County on collateral estoppel grounds. Alternatively, he argued that he should be allowed to inform the jury of his acquittal in the Crawford County trial. The trial court held that the introduction of the evidence was not collaterally estopped and that the acquittal was irrelevant to the burglary/theft charges. It therefore admitted the evidence and denied Prince's request to tell the jury of his acquittal. The jury found Prince guilty of both burglary and theft. At the sentencing portion of the trial, Prince was found to be a habitual offender and sentenced to the maximum term on each charge.
 
 
 4
 The Arkansas Supreme Court affirmed the conviction on direct appeal. Prince v. State, 304 Ark. 692, 805 S.W.2d 46 (1991). Prince attempted, unsuccessfully, to pursue state collateral relief.[2] Prince then filed a petition for writ of habeas corpus in federal district court. The case was referred to a magistrate judge. After an evidentiary hearing, the magistrate judge issued her report and recommendation denying Prince's double jeopardy, collateral estoppel, Brady and sufficiency of the evidence claims.[3] The magistrate judge found, however, that Prince's trial was rendered fundamentally unfair by the trial court's refusal to permit him to tell the jury of his acquittal. The district court adopted the magistrate judge's report in full. It therefore granted the writ and ordered that Prince either be released or retried. Prince v. Lockhart, No. 91-2051 (W.D.Ark. Dec. 9, 1991). The government now appeals the grant of the writ on due process grounds. Prince cross-appeals the denial of the writ on double jeopardy and collateral estoppel grounds.
 
 II.
 
 5
 We review findings of fact for clear error, and conclusions of law de novo. See, e.g., Brown v. Wallace, 957 F.2d 564, 566 (8th Cir.1992).
 
 A. Evidence of Prior Acquittal
 
 6
 The government argues that the district court erred in granting the writ because the exclusion of the evidence of Prince's acquittal on the possession charges did not render the trial fundamentally unfair. The first assertion of error the government makes is that Prince did not raise this evidentiary due process issue before either the state court on direct appeal or the federal district court. Thus, the government claims, Prince has procedurally defaulted on this issue and the district court should not have addressed it.[4]
 
 
 7
 Prince replies that his federal habeas corpus petition was filed pro se and so must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972); Thompson v. Missouri Bd. of Parole, 929 F.2d 396, 398 n. 2 (8th Cir.1991). He argues that grounds four and five of the petition are broad enough to encompass this claim. These grounds provide:
 
 
 8
 Ground Four. The trial court erred in denying Appellant's Motion In Limine and admitting into evidence evidence which violated the Double Jeopardy Clause. Did mislead the jurors and confuse the issues at stake.
 
 Fact:
 
 9
 Approx. 3000 loose pills were submitted at trial, over the Appellant's objection.
 
 
 10
 ....
 
 
 11
 (3) This prejudicial evidence did inflame the jury.
 
 
 12
 ....
 
 
 13
 Ground Five. Conviction was obtained in violation of the protection against double jeopardy.
 
 Fact:
 
 14
 The State re-litigated a material fact which had previously been decided in favor of the Petitioner (Crawford Co. CS# CR-89-58(I) [sic].
 
 
 15
 The trial court errored in not allowing Petitioner to admit relevant evidence that he was acquitted of the (Crawford County Case). This error did deprive the Petitioner [sic] the right to raise an affirmative defense. The end result was a bad-faith collateral estoppel in violation of the Double Jeopardy Clause.
 
 
 16
 App. at A-6. The district court did not address the procedural default issue and simply ruled on the merits. Prince argues that his pro se petition, read liberally, gives the government sufficient notice that a due process argument is being raised because he is challenging an evidentiary ruling. Since the only possible federal constitutional challenge to an evidentiary ruling is that the ruling was so prejudicial as to result in a denial of due process, see Mercer v. Armontrout, 844 F.2d 582 (8th Cir.), cert. denied, 488 U.S. 900, 109 S.Ct. 249, 102 L.Ed.2d 238 (1988), Prince asserts that the government had notice of this claim. We disagree.
 
 
 17
 A careful reading of grounds four and five of Prince's habeas petition reveals two claims. One is a claim that the double jeopardy clause was violated in the Sebastian County trial by the admission into evidence of the seized drugs. The second is that the trial court's refusal to permit Prince to inform the jury of his acquittal in Crawford County deprived him of an affirmative defense under Arkansas state law. There is no general claim that refusing to admit the acquittal evidence was error. Therefore, even if read liberally, the petition does not give the government notice of this particular claim.[5] Accordingly, we find that Prince has procedurally defaulted on this claim.
 
 
 18
 A petitioner can overcome procedural default by showing cause for the default and prejudice resulting from it. Wainwright v. Sykes, 433 U.S. 72, 90-91, 97 S.Ct. 2497, 2508-09, 53 L.Ed.2d 594 (1977). Prince has not even attempted to show cause for his default. Therefore, the district court should not have addressed this issue.[6]
 
 
 19
 Even if Prince had not procedurally defaulted on this claim, however, we agree with the government that the district court erred on the merits. Our review is limited to determining whether Prince's constitutional due process rights have been violated. Mercer, 844 F.2d at 587. We must decide whether there was an error so conspicuously prejudicial that it fatally infected the trial and failed to afford Prince the fundamental fairness that is the essence of due process. Id.
 
 The general rule is that
 
 20
 [a]lthough a judgment of acquittal is relevant with respect to the issues of double jeopardy and collateral estoppel, 'once it is determined that these pleas in bar have been rejected, a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted.'
 
 
 21
 United States v. Kerley, 643 F.2d 299, 300 (5th Cir. Unit B Apr. 1981) (citing United States v. Viserto, 596 F.2d 531, 537 (2d Cir.), cert. denied, 444 U.S. 841, 100 S.Ct. 80, 62 L.Ed.2d 52 (1979)); see also United States v. Jones, 808 F.2d 561, 566-67 (7th Cir.1986), cert. denied, 481 U.S. 1006, 107 S.Ct. 1630, 95 L.Ed.2d 203 (1987); United States v. Sutton, 732 F.2d 1483, 1493 (10th Cir.1984), cert. denied, 469 U.S. 1157, 105 S.Ct. 903, 83 L.Ed.2d 919 (1985); United States v. Riley, 684 F.2d 542, 546 (8th Cir.1982), cert. denied, 459 U.S. 1111, 103 S.Ct. 742, 74 L.Ed.2d 962 (1983). There are two primary reasons why a judgment of acquittal is not generally admissible to rebut inferences that may be drawn from evidence that was the basis of a previous trial. First, judgments of acquittal are hearsay. Sutton, 732 F.2d at 1493; Viserto, 596 F.2d at 537. Second, judgments of acquittal are not generally relevant, Riley, 684 F.2d at 546, because they do not prove innocence; they simply show that the government did not meet its burden of proving guilt beyond a reasonable doubt. Jones, 808 F.2d at 566; Kerley, 643 F.2d at 300.
 
 
 22
 In this case, the trial court repeatedly ruled that the possession acquittal was not relevant to the burglary/theft charges, and we agree. The discovery and seizure of the drugs in Crawford County took place on February 22, and Prince was charged with possession on that date. The burglary/theft, however, took place on February 7. Although the seized drugs were used to further connect Prince to the burglary/theft, it was not necessary for the State to show that Prince was in possession of the drugs on February 22 to prove that he committed the burglary/theft on February 7. The district court specifically found that evidence other than the seized drugs established all the elements of the burglary and theft charges. Prince v. Lockhart, No. 91-2051 at 7 ("In our view, Melody Blackwell's [Prince's girlfriend] testimony established the elements of the offenses, and the conduct of which petitioner was acquitted did not establish the entirety of an element."). Therefore, Prince's acquittal on the possession charges was not in any way relevant to show whether Prince had committed the burglary/theft.
 
 
 23
 Prince argues that the judgment of acquittal was relevant in this case because under Arkansas law a person commits theft if he "knowingly takes or exercises unauthorized control over the property of another...." Ark.Code Ann. § 5-36-103(a)(1) (emphasis added). Thus, Prince claims, the jury could have based its finding of theft on his apparent possession or "control" over the drugs on the date of seizure. This argument is meritless, however, because the jury was never instructed that it could base its finding of guilt on Prince's control over the drugs.[7]
 
 
 24
 We find that the trial court's refusal to permit Prince to inform the jury of his acquittal in Crawford County did not violate Prince's due process rights. We reverse the district court's grant of the writ of habeas corpus.
 
 B. Double Jeopardy
 
 25
 Prince contends that his burglary/theft prosecution is barred by the Double Jeopardy Clause under Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). In Grady, Thomas Corbin caused a fatal car accident. Later that evening, Corbin was served with two uniform traffic tickets, charging him with driving while intoxicated and failing to keep right of the median. Corbin pleaded guilty to the two traffic tickets. The court, unaware that there had been a fatality involved, imposed sentence of a $350 fine and a six-month license revocation. Two months later, a grand jury indicted Corbin for manslaughter and assault. The Supreme Court held that the manslaughter and assault prosecution was barred by the Double Jeopardy Clause. The Court stated that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Id. at 510, 521, 110 S.Ct. at 2087, 2093.
 
 
 26
 The district court held, and we agree, that Grady is inapplicable here. Prince is essentially arguing that Grady establishes a "same evidence" test. Grady specifically disclaimed such a test, id. at 521, 110 S.Ct. at 2093, and the Supreme Court has said unequivocally that no such test exists. United States v. Felix, --- U.S. ----, ----, 112 S.Ct. 1377, 1382, 118 L.Ed.2d 25 (1992) ("our precedents hold that a mere overlap in proof between two prosecutions does not establish a double jeopardy violation"); cf. Dowling v. United States, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). "The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." Grady, 495 U.S. at 521, 110 S.Ct. at 2093. Thus, courts have interpreted Grady to prohibit a prosecution that seeks to establish the entirety of an element of the charged offense with proof of already-litigated conduct. United States v. Clark, 928 F.2d 639, 642 (4th Cir.1991); United States v. Uselton, 927 F.2d 905, 908-09 (6th Cir.1991). The district court found that Melody Blackwell's testimony alone established all the elements of the burglary and theft charges. Her testimony went directly to the elements of burglary and theft, and not to proving Prince's possession of the seized drugs. Thus, the evidence of possession--the seized drugs--was not used to prove an entire element of either charged offense. This is a case of "mere overlap of proof." We affirm the district court's holding that there was no double jeopardy violation here.
 
 C. Collateral Estoppel
 
 27
 Prince also contends that, under the doctrine of collateral estoppel, his prior acquittal precluded the government from introducing into evidence at his burglary/theft trial the drugs seized in Crawford County. The Double Jeopardy Clause incorporates the doctrine of collateral estoppel. Dowling, 493 U.S. at 347, 110 S.Ct. at 671-72; Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The collateral estoppel doctrine provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe, 397 U.S. at 443. A fact previously determined in a criminal case is not an "ultimate fact" unless it was necessarily determined by the jury against the government and, in the second prosecution, that same fact is required to be proved beyond a reasonable doubt in order to convict. See Dowling, 493 U.S. at 349-52, 110 S.Ct. at 672-74.
 
 
 28
 The district court found, however, and we agree, that Prince's prior acquittal did not determine an ultimate fact in the present case. Whether Prince possessed the seized drugs on February 22 was not an issue in the present case. The State was not required to show beyond a reasonable doubt that Prince possessed drugs from the Medi-Sav Pharmacy burglary on February 22 in order to convict him of committing burglary and theft on February 7. Therefore, we affirm the district court's holding that the admission of the seized drugs was not barred by collateral estoppel.
 
 III.
 
 29
 For the foregoing reasons, we reverse the district court's grant of the writ of habeas corpus on the ground that the trial court's refusal to allow Prince to inform the jury of his acquittal on possession charges rendered his trial fundamentally unfair. We affirm the district court on all other grounds.
 
 
 
 [1]
 Prince also cross-appeals on two other grounds. First, he argues that the state failed to disclose certain information in violation of his due process rights under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Second, he argues that the evidence was insufficient to support his conviction. We find both of these claims meritless for the reasons given in the district court opinion
 
 
 [2]
 Post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure was not available to Prince because the Arkansas Supreme Court had temporarily abolished Rule 37. See In re the Abolishment of Rule 37, 770 S.W.2d 148 (Ark.1989) (per curiam), reinstated, modified and amended in part sub nom. In re Post-Conviction Procedures, 797 S.W.2d 458 (Ark.1990) (per curiam), supplemental op., In re the Reinstatement of Rule 37 of Arkansas Rules of Criminal Procedure, 797 S.W.2d 458 (Ark.1990) (per curiam). When Prince attempted to bring a state habeas corpus action pursuant to Ark.Code Ann. § 16-112-101, et seq., the state circuit court denied the petition for failure to state grounds on which state habeas relief could be granted. Prince v. Lockhart, No. LCIV-90-50-3 (Ark.Cir.Ct. Dec. 20, 1990)
 
 
 [3]
 Prince raised other grounds before the district court. The district court also denied his petition on those grounds. We do not discuss those holdings because Prince did not appeal them to this court
 
 
 [4]
 The government also points out that no evidence or arguments were presented to the district court on this issue at the habeas hearing, and that the first time they had an opportunity to address the issue was after the magistrate judge's report and recommendation was issued
 
 
 [5]
 Counsel was appointed to represent Prince after he filed his federal petition but prior to his habeas hearing. Despite the fact that he had counsel, however, the petition was never amended to add a due process claim and no such claim was argued to the magistrate judge at the hearing. Given the appointment of counsel, Prince arguably is not entitled to the liberal reading accorded pro se petitioners. We have, however, given him the benefit of the doubt
 
 
 [6]
 Because we find that Prince did not present this due process claim to the federal district court on habeas, we do not need to address whether he presented this same claim on direct state appeal
 
 
 [7]
 The relevant jury instruction read: "Carl Prince is charged with the offense of Theft of Property. To sustain this charge, the State must prove beyond a reasonable doubt that Carl Prince: Knowingly took the property of another person in excess of $200.00 with the purpose of depriving the owner thereof."