On June 10, 1997, Lawrence C. Smith drove to 1294 Oakland Park to visit his friend, John Hopkins, Jr. ("Hopkins, Jr."), who lived there with his parents and his girlfriend. When Smith arrived, Hopkins, Jr., was outside talking to someone Smith did not know, but later learned was appellant, Antoine D. Wilson. Smith testified that he talked to Hopkins, Jr., and appellant for approximately one-half hour. Smith was playing his car stereo and demonstrating it to Hopkins, Jr., and appellant when appellant pointed a gun at Smith and told him to put the stereo in appellant's car. Smith testified that he was in disbelief. Appellant then hit him in the forehead with the gun. Hopkins, Jr., started to run towards the house and Smith started running across the street. Smith was then struck in the right hand by a bullet. He turned around and saw appellant aiming the gun at him. Another shot was fired. Appellant then entered his car and drove away. The police and paramedics were called and Smith was taken to the hospital. Smith and Hopkins, Jr., identified appellant as the gunman.
Appellant was charged with attempted murder, aggravated robbery, robbery and felonious assault. A jury trial was held and the jury returned not-guilty verdicts on the charges of attempted murder, aggravated robbery and robbery. The jury was hung on the felonious assault charge. A second trial was held on the felonious assault charge and the jury found appellant guilty. This court granted appellant's motion for delayed appeal and appellant raises the following assignments of error:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE PROSECUTION TO INTRODUCE PRIOR BAD ACT EVIDENCE WHERE THE PREJUDICIAL EFFECT OF THE EVIDENCE SUBSTANTIALLY OUTWEIGHED ITS PROBATIVE VALUE.
 ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED DEFENDANT'S MOTION IN LIMINE AND AUTHORIZED THE PROSECUTION TO INTRODUCE EVIDENCE OF A CRIMINAL OFFENSE THAT RESULTED IN DEFENDANT'S ACQUITTAL, WHILE PROHIBITING THE DEFENDANT FROM REFERENCING THE ACQUITTAL.
 ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPROPERLY INSTRUCTED THE JURY THAT ITS DUTY IS CONFINED TO THE DETERMINATION OF THE GUILT OR INNOCENCE OF THE DEFENDANT, AS OPPOSED TO THE INSTRUCTION THAT THE JURY'S DUTY IS TO DETERMINE WHETHER THE PROSECUTION HAS PROVEN EACH ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT.
By the first assignment of error, appellant contends that the trial court erred when it allowed the prosecution to introduce prior bad act evidence where the prejudicial effect of the evidence substantially outweighed its probative value. Appellant argues that the trial court erred in refusing to strike from the record references to appellant's participation in the drug trade. Appellant contends that the following exchange between the prosecutor and Hopkins, Jr., should have been stricken:
 Q. YOU MAY HAVE REFERRED TO THIS BEFORE, BUT HOW DID YOU KNOW OR KNOW OF HIM AS OF JUNE 10 OF LAST YEAR?
 A. I USED TO DEAL STUFF WITH HIM. I KNEW HIM ON A FIRST NAME BASIS WHERE I WOULD BUY MARIJUANA, STUFF FROM HIM LIKE THAT. [Tr. 179.]
Defense counsel objected and moved for a mistrial. Although the trial court overruled the motion, finding the evidence relevant and admissible under Evid.R. 404(B) as to the issue of identity, it nonetheless did instruct the jury to disregard the statement. Ordinarily a jury is presumed to have followed instructions given by the court. Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph four of the syllabus.
Given the overwhelming evidence of appellant's guilt, the incidental reference by Hopkins, Jr., to a prior drug transaction with appellant was harmless. In addition to Hopkins, Jr.'s testimony, the victim, Smith and two other witnesses testified. These witnesses testified that they saw a man holding or aiming a gun at Smith and identified appellant as that man. All three witnesses heard the gunshots. Hopkins, Sr., testified that he came outside the house and saw appellant pull the trigger on the second shot. A fourth witness, a neighbor, testified that Smith yelled that appellant was trying to steal his radio as he ran across the street. The neighbor testified that she did not see the shooting but she heard the shots.
Therefore, even if the trial court erred, there was sufficient other testimony provided during the trial to find appellant guilty and any error was harmless. Appellant's first assignment of error is not well-taken.
By the second assignment of error, appellant contends that the trial court erred when it overruled appellant's motionin limine and authorized the prosecution to introduce evidence of a criminal offense that resulted in appellant's acquittal, while prohibiting appellant from referring to the acquittal. Appellant had filed a motion in limine seeking to bar any evidence pertaining to the robbery or attempted robbery since appellant had been acquitted of those charges in the first trial. The trial court overruled the motion. The prosecutor elicited testimony from both Smith and Hopkins, Jr., that appellant pointed a gun at Smith and told Smith to put his car stereo equipment in appellant's car. The evidence was offered to explain the sequence of events and the circumstances comprising the basis for the felonious assault charges.
The denial of a motion in limine does not preserve error for review in the absence of a proper objection. State v. Brown
(1988), 38 Ohio St.3d 305, paragraph three of the syllabus. Since appellant did not object to the evidence, we must determine whether plain error occurred. Crim.R. 52(B) allows a reviewing court to reverse for error which affects substantial rights but was not preserved as error for appeal. Even though the application of plain error is to be taken with the utmost caution, it is sometimes necessary, under exceptional circumstances, in order to prevent a miscarriage of justice.State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. "Plain error is found where, but for the error, the outcome of the trial would have been otherwise." State v.Franklin (1991), 62 Ohio St.3d 118, 128.
Generally, a judgment of acquittal is not admissible for two reasons: (1) because it is hearsay, Prince v. Lockhart (C.A. 8, 1992), 971 F.2d 118, 122; and (2) because it is not relevant since it is not a finding of fact, but merely an " 'acknowledgement that the government failed to prove an essential element of the offense beyond a reasonable doubt.' "United States v. Watts (1997), 117 S.Ct. 633, 637, quotingUnited States v. Putra (C.A. 9, 1996), 78 F.3d 1386, 1394
(Wallace, J., dissenting).
Appellant argues that, pursuant to Dowling v. United States
(1990), 493 U.S. 342, he should have been permitted to mention the acquittal. In Dowling, the defendant was convicted of robbing a Virgin Islands bank while wearing a ski mask and carrying a small pistol. The prosecution questioned a witness who identified the defendant as one of the intruders who had entered her home wearing a ski mask and carrying a gun. The defendant had been acquitted of the charges arising out of entering the witness's home. The Supreme Court held that the collateral-estoppel doctrine does not bar, in all circumstances, the later use of evidence because it relates to alleged criminal conduct for which the defendant has been acquitted. Dowling, at 348. In Dowling, after the witness testified, the court instructed the jury that the defendant had been acquitted of the charge and emphasized the limited purpose for which the testimony was admitted. The court also repeated the admonition in its final charge. The issue in Dowling was whether double jeopardy and collateral estoppel barred admission into evidence the circumstances of the robbery for which Dowling had been acquitted, and not whether the court was required to instruct the jury the defendant had been acquitted. The court stated:
 * * * [W]e decline to extend Ashe v. Swenson and the collateral-estoppel component of the Double Jeopardy Clause to exclude in all circumstances, as Dowling would have it, relevant and probative evidence that is otherwise admissible under the Rules of Evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted.
Appellant argues that the trial court should have given a limiting instruction. Appellant did not ask for a limiting instruction and the trial court did not give one to the jury. In United States v. Tirrell (1997), 120 F.3d 670, 677, the court determined that the district court was not required to inform the jury that the defendant had been acquitted in the state-court proceeding because the Supreme Court's ruling inDowling does not require that the jury be informed of an acquittal. We find the same result. The trial court did not abuse its discretion in refusing to permit appellant to mention the acquittal and, therefore, no error exists in this case which constitutes plain error. Appellant's second assignment of error is not well-taken.
By the third assignment of error, appellant contends that the trial court abused its discretion when it improperly instructed the jury that its duty is confined to the determination of the guilt or innocence of appellant, as opposed to the instruction that the jury's duty is to determine whether the prosecution has proven each element of the offense beyond a reasonable doubt. The trial court instructed the jury in part as follows:
 The Defendant is presumed innocent unless guilt is established beyond a reasonable doubt. The defendant must be acquitted of an offense unless the state produces evidence which convinces you beyond a reasonable doubt of every essential element of the offense.
* * *
 You may not discuss or consider the subject of punishment. Your duty is confined to the determination of whether the Defendant is guilty or not guilty of the offense charge. * * * (Tr. 469, 476.]
Appellant objected to the charge.
In State v. Lewis (1993), 67 Ohio St.3d 200, 203, the Ohio Supreme Court stated that "[a] jury instruction must be viewed in the context of the overall charge rather than in isolation." This court has addressed the same instruction in State v. Brown
(June 9, 1994), Franklin App. No. 93APA11-1570, unreported (1994 Opinions 2637), and State v. McKnight (Mar. 16, 1995), Franklin App. No. 94APA08-1242, unreported (1995 Opinions 1057). In Brown, this court stated, at 2644, "we find that it would be patently unfair to take the challenged language out of context since it, in no way, diminished the jury's understanding of the state's burden of proof." Similarly, inMcKnight, this court found the instruction permissible in light of the entire instruction. This instruction "is not reversible error where the trial court otherwise accurately and fully instructs the jury on the presumption of innocence and the state's burden of proof." McKnight, at 1063. Thus, the trial court did not err and appellant's third assignment of error is not well-taken.
For the foregoing reasons, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and BRYANT, JJ., concur.