# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1336

_____

|  |  |  |
|---|---|---|
| Antwoine Petty, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Ansel Card, | * | PUBLISHED |
| | * | |
| Appellee. | * | |

_____

Submitted: September 14, 1999
Filed: October 18, 1999

_____

Before McMILLIAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Antwoine Petty pleaded guilty in Missouri state court to several burglary-related charges and received a nine year sentence. Petty filed a state postconviction motion, which was denied as untimely because it was filed more than ninety days after Petty's sentencing. In February 1996, Petty filed a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus. The magistrate judge, to whose jurisdiction the parties consented under 28 U.S.C. § 636(c) (1994), denied habeas relief, concluding Petty had procedurally defaulted his claims and had not shown cause and prejudice excusing his default.

On appeal, Petty concedes he did not file a timely state postconviction motion. (Appellant's Br. at 8.) Petty contends, however, that the magistrate judge committed error in concluding he did not show cause and prejudice to overcome his procedural default because:

> [Petty] did not know (and could not have known) that the state trial court was going to renege on its promise to release him on probation [if he successfully completed a drug treatment program] until after he successfully completed [the] . . . program – more than 90 days later. . . . By failing to take into account the effect of the time to complete the drug treatment program (more than 110 days) on Petty's ability to *know* whether he had a basis to file a [state postconviction] motion, the district court erred in concluding that Petty's failure to file such a motion within the 90 day time limit was [i]nexcusable.

(Appellant's Br. at 9-10.) In other words, Petty argues he believed the trial court would give him probation when he completed his drug treatment program and could not know he had a factual basis for filing a state postconviction motion until after the trial court refused to release him – more than ninety days after sentencing. The Government contends Petty cannot raise this allegation of cause on appeal because Petty did not present it to the magistrate judge. We agree.

A liberal reading of Petty's § 2254 petition and supplemental pleadings reveals that Petty presented five claims to the magistrate judge. See Prince v. Lockhart, 971 F.2d 118, 121 (8th Cir. 1992) (pro se habeas petition entitled to liberal construction); Thompson v. Missouri Bd. of Parole, 929 F.2d 396, 399 (8th Cir. 1991) (court will review pro se habeas petition and any supplemental pleadings to determine whether petitioner raised claim in district court). In his petition, Petty alleged: (1) ineffective assistance of counsel because his attorney did not discuss defense strategies with Petty but simply gave him the plea agreement; (2) the trial court engaged in judicial misconduct and breached the plea agreement by refusing to release Petty on

probation as promised after receiving a release recommendation from the drug treatment facility; (3) Petty's plea was involuntary because he pleaded guilty only after his counsel and the trial court promised to release Petty on probation if the treatment facility recommended release; and (4) Petty did not have access to legal materials or legal assistance during the first 110 days of his incarceration at the drug treatment facility, causing Petty to miss the ninety-day filing deadline for his state postconviction motion. In addition to the claims asserted in his petition, Petty vaguely asserted in his objections to the Government's response to his petition that "[a]s the petitioner indicated in his Habeas Petition, he was prevented from [raising his first three grounds of relief in a state postconviction motion] d[ue] to Governmental Interference which is both cause and actual prejudice for his procedural default."

Even read liberally, none of these allegations encompasses Petty's new claim on appeal that he did not know of the factual basis for state postconviction relief until it was too late to file a motion. Because neither the magistrate judge nor the Government had notice of this particular claim, Petty has procedurally defaulted it. See Prince, 971 F.2d at 121. Petty has not attempted to show cause for his failure to raise this issue before the magistrate judge, and, thus, we cannot excuse his procedural default. See id.

We affirm the denial of Petty's petition for writ of habeas corpus.

MURPHY, Circuit Judge, dissenting.

In his pro se petition for habeas relief, Petty alleged facts sufficient to show the basis on which he claims cause and prejudice to excuse his procedural default of not filing a state motion for postconviction relief within ninety days. He is therefore entitled to have further consideration of his claims in the district court, and I respectfully dissent from the denial of his petition at this threshold stage.

-3-

Petty's underlying claims all relate to the allegation that he did not receive the probation he was promised upon completion of a drug treatment program. He alleged four grounds for relief in his petition: ineffective assistance of counsel, breach of plea agreement, involuntary guilty plea, and denial of due process and his right to appeal. He claimed that both his counsel and the court had told him "he would be released to probation upon the Court's receipt of the treatment facilities [*sic*] recommendation for release to probation and successful completion of program (movant has completion certificate)." He also alleged that he was "in treatment program for the first 110 days of his conviction" without access to legal materials or assistance and that he was effectively denied his right to appeal.

Petty's allegations are contained in short adjacent paragraphs. They make it clear, when liberally construed as pro se petitions must be, see e.g. Boag v. MacDougall, 454 U.S. 364, 365 (1982), that he had anticipated that he would receive the promised probation upon successful completion of the program, which took him one hundred and ten days. The facts alleged show that it was only after these one hundred and ten days that he knew he would not be placed on probation, and the ninety day limitation period for motions, which he refers to as the "appeal period", had already passed. As he alleged, "Movant's 90th day came and went while in treatment. Movant feels this operated as an effective denial of his right to appeal." Petty was granted a certificate of appealability by this court, and appointed counsel now makes the claim of cause and prejudice much more artfully than the pro se submissions.

Petty's pro se filings were sufficient to be construed as alleging that he could not have known the basis on which his claims arose until the court denied his probation after the time for the filing of a postconviction motion. In the state's response in the district court, it indicated that it assumed Petty's "fourth ground for relief . . . that he was denied his right to appeal is an allegation of cause." Petty stated in reply that "as indicated" in his petition, he had been prevented from filing a timely notice by "Governmental Interference which is both cause and actual prejudice for his procedural

default."  He alleged that he did not have access to legal materials while in the treatment program and that a request to use the library facilities available to the general population would have resulted in his being dropped from the program, "thereby terminating his chances for release to probation all-together."  It could also be understood from the face of his petition that he had no grounds for filing a motion for postconviction relief until after the ninety day motion period had expired. See Meagher v. Dugger, 861 F.2d 1242 (11th Cir. 1988) (pro se habeas claim of involuntary guilty plea not procedurally defaulted for failure to meet filing deadlines where petitioner did not learn until later that sentences would not run concurrently as promised; magistrate judge failed to evaluate petition using less stringent standard); see also Watts v. Petrovsky, 757 F.2d 964, 966 (8th Cir. 1985) (issue not ripe for presentation where claim is speculative).

"A pro se . . . petitioner is not required to identify specific legal theories. . . in order to be entitled to relief."  Frey v. Schuetzle, 78 F.3d 359, 361 (8th Cir. 1996), quoting Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994).  Not only must the allegations of a pro se habeas petitioner "be construed more liberally. . . but unincluded allegations of 'apparent' facts may be treated as part of the complaint for the purpose of determining whether an issue should be remanded for further investigation." Williams v. Lockhart, 849 F.2d 1134, 1138 (8th Cir. 1988).  See also Thompson v. Housewright, 741 F.2d 213 (8th Cir. 1984); White v. Wyrick, 530 F.2d 818 (8th Cir. 1976).  The magistrate judge understood that Petty was attempting to establish "good cause and actual prejudice", and the facts essential to his allegation of cause were contained within his petition. Petty did not explicitly link his factual allegations to say that he could not have known the nature of his problem until after the motion deadline had passed, but he stated all of the underlying facts in a few short paragraphs.  His lack of timely knowledge of the basis of his claim is apparent on the face of his petition. He is therefore entitled to further consideration by the district court.

I would remand the case for further proceedings. The state indicated at oral argument that on a remand it would move to dismiss for failure to exhaust state remedies since Petty's claims are of a type that could have been brought in a Missouri habeas action. Petty's counsel indicated that he believes the claims have been exhausted, but the district court should have an opportunity to rule on the point. Counsel also indicate that if the matter is not dismissed for failure to exhaust, a transcript of the state plea proceedings will be needed to see whether petitioner was in fact given any promise of probation. All that is before us at this time, however, is whether Petty sufficiently alleged cause and prejudice in the district court to excuse his procedural default, and I believe he did when his pro se allegations are considered in combination.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.