**UNITED STATES of America**

**v.**

**Joshua A. WALDMAN**

**No. CR 01–30014.**

United States District Court,
D. South Dakota,
Central Division.

Oct. 25, 2001.

Carl Franz Haberstick, Fosheim & Haberstick, Huron, SD, Jana M. Miner, Federal Public Defender's Office, Pierre, SD, for Defendant.

### ORDER

The defendant is charged with carjacking with a firearm. Before this indictment was returned, he was charged in South Dakota state court with attempted murder, aggravated assault, and other crimes— each charge arising out of the events upon which the federal charges are based. The state jury found him not guilty by reason of insanity.

On April 22, 2000, the defendant was taken into custody after being stopped for a traffic violation. While handcuffed in the back seat of the patrol car, the defendant managed to pull a hidden pistol on the policeman. The defendant ordered the officer to drive to a secluded gravel pit, then told him to hold his head back against the barrel of the gun. The officer was able to roll out of the car and disarm the defendant.

■ The government moved in limine to prohibit any reference to the state court acquittal. As a general rule, acquittals are not admissible in a subsequent trial.[1] The reasoning underlying this general rule is sound—an acquittal usually establishes only that the government failed to prove the defendant's guilt beyond a reasonable doubt. The acquittal does not establish that the defendant proved that he was innocent—or that he proved anything else.

■ South Dakota law provides, however, that insanity is an affirmative defense which the defendant must establish by "clear and convincing evidence"[2] (South Dakota law on this point is essentially the same as the federal law[3]).

The state judgment is hearsay.[4] The Advisory Committee Notes provide, in part, that:

When the status of a former judgment is under consideration in subsequent litigation, three possibilities must be noted: (1) the former judgment is conclusive under the doctrine of res judicata, either as a bar or a collateral estoppel; or (2) it is admissible in evidence for what it is worth; or (3) it may have no effect of all.[5]

Obviously res judicata or collateral estoppel do not apply (nor does "double jeopardy" for that matter[6]).

As noted, the government argues that the state judgment should have no effect at all, and the jury should not be apprised of it. I think it should be admitted for the jury to consider; and it will be admitted under Federal Rule of Evidence 807 which reads:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which

---

1. *United States v. Jones,* 266 F.3d 804, 2001 WL 1041867 (8th Cir. Sept.12, 2001); *Prince v. Lockhart,* 971 F.2d 118 (8th Cir.1992); JOHN W. STRONG, MCCORMICK ON EVIDENCE § 298 at p. 281 (5th ed.1999).

2. S.D.C.L § 22–5–10.

3. 18 U.S.C. § 17.

4. *See* FED.R.EVID. 801(c) and 803(22).

5. FED.R.EVID. 803 cmt. (22).

6. *See* Doc. # 7.

the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

■ The government also objects to the use of this exception on the ground that the defendant did not give notice of his intent to use it. If the government had no notice, it is clairvoyant—it raised the issue by a motion in limine filed on October 5, 2001 (Doc. # 112). So, the answer to the government's notice objection is that it has had a "fair opportunity to prepare to meet" the proffered judgment. In fact, the issue was briefed by the government, and the question was debated in at least two pretrial telephone conferences.

The judgment is clearly evidence of a material fact. But is it more probative on the point for which it is offered than any other evidence the defense could have procured through reasonable efforts?[7] I think so. The state court jury decision was forged in the arena of justice. Competing evidence, including expert testimony, was admitted for the jury's consideration. After hearing and seeing the competing evidence the jury concluded that, at the time of the alleged crimes, the defendant was insane. Where

would one go for more probative evidence? An expert? We tell the jury that it is free to disregard the testimony of an expert if it is not believable.[8] I have—and our justice system has—a deep and abiding faith in the jury as a finder of fact, and I hew to that belief in admitting the state judgment.

Perhaps it is somewhat ironic that since the adoption of the residual exception, it generally has been a favorite of prosecutors.[9]

The Supreme Court has spoken on the residual exception. In *Tome v. United States*,[10] the Court wrote:

> When a party seeks to introduce out-of-court statements that contain strong circumstantial indicia of reliability, that are highly probative on the material questions at trial, and that are better than other evidence otherwise available, there is no need to distort the requirements of Rule 801(D)(1)(B). If its requirements are met, Rule 803(24) [now Rule 807] exists for that eventuality. In my opinion, this hearsay (the judgment), nowise distorts the requirements of this

exception. I do not know where one would got to get more reliable hearsay.

One might worry that the jury will give too much weight to the verdict of the state jury. To avoid this I will instruct this jury that it should simply weigh the state judgment along with all the other evidence in the case, and that it is not "bound" by the other verdict. This should suffice.

---

7. For a discussion of the "more probative" requirement, see 3 S. SALTZBURG, M. MARTIN, AND D. CAPRA, FEDERAL RULES OF EVIDENCE MANUAL 1941–42 (7th ed.1998).

8. Eighth Circuit Jury Instructions § 4.10 (West 2000).

9. *See* JOHN W. STRONG, MCCORMICK ON EVIDENCE § 324 at p. 344 (5th ed.1999).

10. 513 U.S. 150, 166, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995).