UNITED STATES of America,
Plaintiff-Appellee,

v.

Lawrence W. KERLEY,
Defendant-Appellant.

No. 80–5371.

United States Court of Appeals,
Fifth Circuit.
Unit B

April 22, 1981.

William R. Northcutt, Indian Harbour Beach, Fla., for defendant-appellant.

Stephen P. Clark, Walter Barnett, Linda K. Davis, Attys., Drew S. Days, III, Asst. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before GODBOLD, Chief Judge, and FRANK M. JOHNSON, Jr., and ANDERSON, Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

Appellant Lawrence Kerley, an officer of the Brevard County, Florida, Sheriff's Of-

fice, appeals from his conviction by a jury for violation of 18 U.S.C.A. § 242,[1] which makes criminal the willful deprivation of constitutional rights by any person acting under color of law.

The charge against Kerley was based upon an incident in which Daniel de la Osa, while being held face down over the trunk of a patrol car by two police officers, was struck by Kerley in the back of the head with a lead-filled black-jack. Kerley admitted striking this blow. All of the six police officers who observed the incident, except one, testified that de la Osa was offering no resistance at the time Kerley struck him.

Kerley urges three grounds of error: (1) the district court's refusal to allow him to introduce evidence of his state court acquittal on a battery charge arising from the same incident, (2) its failure to properly charge the jury on the element of willfulness, and (3) its denial of his motion for judgment of acquittal.

After a Florida state court jury trial, Kerley was acquitted of a battery charge arising out of the same incident that is the basis of the offense charged in this case.[2] Prior to Kerley's trial in this case the Government filed a motion seeking to exclude any evidence of the state court acquittal. At a hearing on the motion, defense counsel stated that he sought to introduce the judgment of acquittal not as direct evidence, but rather to impeach the complaining witness by showing his prejudice and interest in the outcome of the federal case, and to test his credibility because he

testified in the state case. The court ruled that evidence of the prior acquittal was inadmissible because it was not relevant and because it was hearsay not falling within any exception to the hearsay rule. The court instructed defense counsel not to refer to that acquittal.

Kerley urges that the trial court's exclusion of evidence of the acquittal requires reversal. It is significant that Kerley does not contend that double jeopardy or collateral estoppel bars the federal prosecution based upon the same incident that gave rise to the state battery charges.[3] Although a judgment of acquittal is relevant with respect to the issues of double jeopardy and collateral estoppel, "once it is determined that these pleas in bar have been rejected, a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted." *United States v. Viserto*, 596 F.2d 531, 537 (2d Cir. 1979).

Under Fed.R.Evid. 401, evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." We agree with the Government's position that evidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one ele-

---

1. 18 U.S.C.A. § 242 provides:

   Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life.

2. Fla.Stat.Ann. § 784.03 provides:

   (1) A person commits battery if he:
   (a) Actually and intentionally touches or strikes another person against the will of the other; or
   (b) intentionally causes bodily harm to an individual.
   (2) Whoever commits battery shall be guilty of a misdemeanor of the first degree
   . . .

3. No plea of double jeopardy would have been appropriate in this case because the due process clause of the federal constitution does not bar subsequent prosecution by the separate and distinct federal sovereignty. *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).

ment of the crime. *See* McCormick's Handbook of the Law of Evidence § 318 (2d ed. 1972); 4 Weinstein's Evidence ¶ 803(22)[02], at 803–280 (1979).

Even if evidence of the state court acquittal were relevant, such evidence was properly excludable because in this instance its probative value was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403. Under Rule 403 a trial judge has broad discretion to exclude otherwise relevant evidence, even where bias or interest of a witness is involved. *United States v. Johnson*, 585 F.2d 119, 125–26 (5th Cir. 1978); *United States v. Frankenthal*, 582 F.2d 1102, 1106 (7th Cir. 1978). Because the elements of the state battery charge were entirely different from the elements of the federal charges in this case, the probative value of evidence of Kerley's acquittal on that charge was substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. We conclude that the trial court did not abuse its discretion in excluding for lack of relevancy evidence of the state court acquittal.

■ The indictment charged that Kerley did "willfully strike and assault Daniel Ralph de la Osa ... and did thereby willfully deprive" de la Osa of his constitutional rights. After reading the indictment and Section 242, the nearest the court came to instructing the jury on "willfulness" was as follows:

Finally, the evidence must establish beyond reasonable doubt that the Defendant knew that the degree of force which he utilized on Mr. de la Osa at the time of the arrest was not reasonably necessary to effect the arrest, but, despite this knowledge, he knowingly and intentionally exerted force which he knew to be unlawful under all the circumstances to accomplish the arrest.

An act is done "intentionally" if it is done voluntarily and with the specific intent to do the act in question, as distinguished from an act done through inadvertence, mistake, accident or for some other innocent reason.

At the conference on the jury charge defense counsel objected to the trial court's instruction, stating that the court's instruction failed to cover the element of willfulness in sufficient detail. The court overruled the defense objection. Defense counsel admitted that the instruction was very close to the instruction desired by the defendant.[4] The Government's proposed instruction No. 8 included a definition of willfulness.[5] The court also rejected the in-

---

4. Defendant requested that the court instruct the jury on the definition of "willfully" as follows:

> An act is done "willfully" if done voluntarily and intentionally, and with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

5. The Government's proposed instruction No. 8 stated:

> With regard to the Fourth Element, willfulness, I instruct you that an act is done willfully if it is done voluntarily and intentionally, and with the specific intent to do something the law forbids; that is, with bad purpose to disobey or disregard the law. In the case of the statute involved here, it means with a specific intent to deprive Daniel Ralph de la Osa of liberty without due process of law.

This proposed instruction then defined specific intent.

> It is not necessary to show or prove that the defendant was thinking in Constitutional terms at the time of the incident for a reckless disregard for a person's Constitutional rights is clear evidence of specific intent to deprive that person of those rights. You may find that the defendant acted with requisite specific intent even if you find that he had no real familiarity with the Constitution or with the particular Constitutional right involved, provided that you find that the defendant willfully and consciously did the act which deprived the victim of his constitutional rights. Nor does it matter that the defendant may have also been motivated by hatred or revenge or some other emotion, provided the intent which I have described to you is present.

> If you find that the defendant knew what he was doing and that he intended to do what he was doing, and if you find that what he did constituted a deprivation of a Constitutional right, then you may conclude that the defendant acted with the specific intent to deprive the victim of that constitutional right.

struction on willfulness requested by the Government. During deliberations the jury requested that the court provide it with the court's instruction and also with the court's definition of willfully. The court re-read its instruction on the elements of the offense to the jury.

After the jury returned a guilty verdict, Kerley filed a motion for a new trial on several grounds, one of which was the court's failure to instruct the jury on the element of willfulness. The motion was denied and this appeal followed. We reverse.

In *Screws v. United States*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), the Supreme Court in a lengthy analysis of the predecessor of 18 U.S.C.A. § 242, Section 20 of the Criminal Code, stated:

> We recently pointed out that "willful" is a word of many meanings, its construction often being influenced by its context.... At times, ... the word denotes an act which is intentional rather than accidental.... But "when used in a criminal statute it generally means an act done with a bad purpose." ... In that event something more is required than the doing of the act proscribed by the statute.... An evil motive to accomplish that which the statute condemns becomes a constitutive element of the crime.... And that issue must be submitted to the jury under appropriate instructions.

*Id.* at 101, 65 S.Ct. at 1035 (citations omitted). The Court held that it was necessary for the jury, in order to find that the defendants acted willfully, to find that they had a purpose to deprive a person of a specific constitutional right. *Id.* at 101, 107, 65 S.Ct. at 1035–1038. This Court in *United States v. Stokes*, 506 F.2d 771, 776–77 (5th Cir. 1975), noted that the significance of *Screws* is its holding that specific intent to deprive a person of a constitutional right is an essential element of a Section 242 violation.

In several cases involving 18 U.S.C.A. § 242, this Court has upheld jury instructions that were challenged with respect to the element of willfulness. *United States v. Hayes*, 589 F.2d 811, 820–21 (5th Cir.), cert. denied, 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979); *United States v. Stokes*, supra, 506 F.2d at 776–77; *United States v. Ragsdale*, 438 F.2d 21, 23–26 (5th Cir.), cert. denied, 403 U.S. 919, 91 S.Ct. 2231, 29 L.Ed.2d 696 (1971). In *Hayes* the defendant, who was sentenced to life imprisonment because his violation of Section 242 resulted in death, contended that Section 242 requires that the jury be instructed that a defendant had the willful intent to cause the death of the victim. The Court rejected this contention.

In *Stokes* the trial court correctly instructed the jury that an act

> is willfully done if it is done voluntarily and purposely with a specific intent to do something the law forbids, that is with bad purpose to disobey or disregard the law. The specific intent required to convict of this crime is the intent to deprive a person of a constitutional right.

506 F.2d at 776.

The approved instruction on willfulness in *Ragsdale* was substantially similar to the instruction given in *Stokes*:

> [A]n act is done "willfully" if done voluntarily and intentionally, and with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

438 F.2d at 24 n.2. Additionally, the Court in *Ragsdale* instructed the jury that

> A person who knowingly does an act which the law forbids ..., intending with bad purpose either to disobey or to disregard the law, may be found to act with specific intent.

*Id.*

The district court in this case failed to define in its charge to the jury the critical element of willfulness. The court did not even inform the jury that willfulness is an essential element of a Section 242 offense. Significantly, the jury requested the trial judge to provide it with the definition of "willfully" that the court had previously given in its instruction because one juror had a question about the element.

When reviewing a trial court's refusal to charge a requested instruction, this Court must consider the jury charge as a whole in light of the evidence presented and the arguments of counsel. *United States v. Rhodes*, 569 F.2d 384, 389 (5th Cir.), *cert. denied sub nom. Waites v. United States*, 439 U.S. 844, 99 S.Ct. 138, 58 L.Ed.2d 143 (1978).

Although the district court instructed the jury that in order to convict Kerley it must find that he "knowingly and intentionally exerted force which he knew to be unlawful," and, further, defined "intentionally," it did not instruct the jury that willfulness means an act which is done with a bad purpose or an evil motive. *See Screws v. United States, supra*, 325 U.S. at 101, 65 S.Ct. at 1035.

Further, although the district court instructed the jury that the act must be done "with the specific intent to do the act in question," it failed to charge the jury that in order for it to find that the defendant acted willfully, it must find that the defendant had the specific intent to deprive a person of a constitutional right. That failure by the district court was error. *Screws v. United States, supra*, 325 U.S. at 101, 65 S.Ct. at 1035; *United States v. Stokes, supra*, 506 F.2d at 776–77.

In *United States v. Ramey*, 336 F.2d 512 (4th Cir. 1964), *cert. denied*, 379 U.S. 972, 85 S.Ct. 649, 13 L.Ed.2d 564 (1965), the Fourth Circuit approved a trial court's instruction on the term "willfully" as used in 18 U.S.C.A. § 242 that stated:

> In law, the use of the words "wilful" and "wilfully" generally imply a conscious purpose to do wrong. Doing a thing knowingly and willfully implies not only a knowledge of the thing done, but a determination to do it with evil purpose or motive * * *.

*Id.* at 515.

The district court's failure to charge the jury that willfully, as used in Section 242, means acting with bad purpose or evil motive was reversible error. We are aware that the Supreme Court has held that the word "willfully," as used in Internal Revenue Code § 7206(1), 26 U.S.C.A. § 7206(1), simply means "a voluntary, intentional violation of a known legal duty." *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976) (per curiam). The Court stated that proof of no other motive, such as bad faith, evil motive, or evil intent is required. The Court in *Pomponio* reversed the Fourth Circuit which had held that Section 7206(1) requires a finding of bad purpose or evil motive. 528 F.2d 247, 249 (1975). We do not read *Pomponio* as affecting our construction of the willfulness requirement of 18 U.S.C.A. § 242. The Supreme Court in *Pomponio* expressly noted that its opinion was addressing willfulness only in the context of the Internal Revenue Code. The Supreme Court recognized in *Screws v. United States, supra*, 325 U.S. at 101, 65 S.Ct. at 1035, that the construction of the word "willfulness" depends on its context and the statute involved.

The Government contends that, even if the district court erred in failing to correctly charge the jury, that error is harmless beyond a reasonable doubt. *See United States v. Vines*, 580 F.2d 850, 852–53 (5th Cir.), *cert. denied*, 439 U.S. 991, 99 S.Ct. 591, 58 L.Ed.2d 665 (1978). The error in this case is not harmless because the jury indicated, by requesting that the court re-read its instruction on willfulness, that it had problems with the element of willfulness. That element was clearly a crucial consideration of the jury in its deliberations.

Because we reverse on the issue of the adequacy of the jury instruction, we do not consider the issue of the trial court's denial of Kerley's motion for judgment of acquittal.

The conviction of Kerley is VACATED and the case is REMANDED for a new trial.