PER CURIAM.
M.L.E. (“the stepfather”) appeals from the trial court’s denial of his Rule 55(c), Ala.R.Civ.P., motion to set aside a default judgment. On June 21, 1999, KB. (“the stepdaughter”), acting by and through her mother, A.B., sued the stepfather, alleging that he had sexually abused her on several instances and that he had once raped her,[1] and, that in doing so, he had committed the tort of outrage, had falsely imprisoned her, and had committed assault and battery. The stepdaughter sought $1 million in damages for physical and emotional distress.
The stepfather failed to answer the complaint and discovery requests that were included with the complaint. On July 18, 1999, the stepdaughter moved for entry of a notice of default and for a default judgment, and she moved to set a hearing on damages. Subsequently, the clerk’s office entered a notice of default. On September 3, 1999, the trial court set a hearing for September 24; notice of that hearing was sent to the stepfather. On September 15, 1999, the stepfather filed a “Motion to Set Aside Entry of Default and to Allow Answer.” He appeared at the September 24 hearing at the Tallapoosa County Courthouse.
The Tallapoosa County Courthouse has one courtroom and a grand-jury room. The hearing was held in the grand-jury room; when the stepfather’s attorney had not appeared, the stepfather was instructed to “go into the courtroom in the courthouse to see if he could find his attorney.” Meanwhile, the trial court held the hearing in abeyance for 20 minutes to accommodate the stepfather. The stepfather did not return to the grand-jury room. The trial judge sent a deputy district attorney to search for the stepfather, but he could not be found anywhere in the courthouse.
When the stepfather could not be found, the trial court told the plaintiff to submit affidavits to support her claim for damages. The stepdaughter submitted an affidavit, and the court considered the affidavit in making its damages award, but the affidavit was not included in the record on appeal.
On October 26, 1999, the trial court entered a $500,000 default judgment against the stepfather. On November 24, 1999, the stepfather moved to set aside that default judgment; his motion was denied by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P. The stepfather appeals.
*1146 In reviewing the denial of a motion to set aside a default judgment, our review is confined to determining whether the trial court abused its discretion in denying the motion. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 603 (Ala.1988).
“When considering a motion to set aside a default judgment, a trial court has broad discretion. Kirtland, 524 So.2d at 604. However, that discretion requires the trial court to balance two competing policy interests associated with default judgments: judicial economy and a litigant’s right to defend on the merits. 524 So.2d at 604. These interests must be balanced under the process established in Kirtland.
“In Ex parte Gilliam, 720 So.2d 902, 905 (Ala.1998), this Court summarized the requirements of Kirtland:
“ ‘The Kirtland rule mandates that we begin with the presumption that [a court should decide a case on the merits] whenever it is practicable to do so. [Kirtland, 524 So .2d at 604.] This presumption exists because the right to have a trial on the merits outweighs the need for judicial economy. Id. Second, the trial court must apply a three-factor analysis in deciding whether to grant a motion to set aside a default judgment. These factors are “(1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and (3) whether the default judgment was a result of the defendant’s own culpable conduct.” Id. at 605.’ ”
Summit Photographix, Inc. v. Scott, 763 So.2d 956, 959 (Ala.2000).
In its October 26, 1999, order, the trial court found (1) that the stepfather had been properly served with notice on June 24, 1999; (2) that as of the date of the hearing on September 24,1999, the stepfather had not answered the complaint or complied with discovery requests; (3) that the court had entered an order on September 2, 1999, scheduling a hearing on the stepdaughter’s motion for a default judgment; (4) that on September 15, 1999, the stepfather moved to set aside the entry of default and to allow an answer, but that his motion did not set forth a meritorious defense or any defense to the complaint; (5) that although the stepfather initially had appeared at the hearing, he did not reappear after being excused to check the courtroom for his attorney; and (6) that his attorney had been given notice of the hearing.
In applying the Kirtland factors, the trial court, in entering the default judgment (in effect, denying the stepfather’s motion to set aside the entry of default), specifically found that the stepfather had failed to establish a meritorious defense. The court noted that the stepfather in his motion to set aside the default had stated that his criminal conviction for sexual abuse was then on appeal and therefore was not final (see n. 1). The court found that this was not a defense, because § 6-5-370, Ala.Code 1975, provides that a civil action may be commenced by a party without prosecution of the offender.[2]
The trial court also found, applying under Kirtland, that the default judgment was being entered as a result of the stepfather’s own culpable conduct in failing to initially answer and in failing to return to the grand-jury room after the court had held the hearing in abeyance for 20 min *1147 utes while the stepfather supposedly went to the courtroom to look for his attorney. Additionally, the trial court stated that the stepdaughter would incur substantial prejudice if the entry of default was set aside.
With regard to the issue of a meritorious defense, the stepfather argues that the State’s failure to prove beyond a reasonable doubt every element of the rape charge prevents the stepdaughter’s rape allegation from being relitigated in the civil action.. However, in both his motion to set aside the entry of default and his motion to set aside the default judgment, the stepfather merely stated that he was acquitted on rape charges and that his sexual-abuse conviction was on appeal. He made no further argument in either of the motions as to why the acquittal on the rape charge would be a defense or, indeed, even admissible in the present case. The acquittal alone is insufficient to show the existence of a meritorious defense. The establishment of a meritorious defense is a prerequisite for one seeking to have a default judgment set aside. Kirtlcmd.
The supreme court stated in Kirtlcmd:
“[A] defaulting party has satisfactorily made a showing of a meritorious defense when allegation in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury-
“The allegations set forth in the answer and in the motion must be more than mere bare legal conclusions without factual support; they must counter the cause of action averred in the complaint with specificity — namely, by setting forth relevant legal grounds substantiated by a credible factual basis.”
524 So.2d at 606 (citations omitted).
Moreover, we disagree with the stepfather’s argument that the acquittal on the rape charge is a meritorious defense. We note that an acquittal does not preclude a private civil action. Aside from the differing burdens of proof, the private plaintiff is not a party to the criminal action and should not be barred by a judgment entered in it. Additionally, evidence of an acquittal is generally not admissible in a civil action. Tillis Trucking Co. v. Moses, 748 So.2d 874, 885 (Ala.1999). The reason behind this general rule is that an acquittal does not prove one’s innocence; rather, “it merely indicates that the prosecution failed to prove at least one element of the crime beyond a reasonable doubt.” Charles W. Gamble, McElroy’s Alabama Evidence, § 269.04 (5th ed.1996), citing United States v. Kerley, 643 F.2d 299 (5th Cir.1981). In other words, the State’s failure to prove the rape charge beyond a reasonable doubt does not show that the charge could not be proved by a preponderance of the evidence. Some federal courts have excluded evidence of acquittal, based on Rule 803(22), Fed.R.Evid., because that rule admits only judgments of conviction as an exception to the hearsay rule, and by inference precludes admission of judgments of acquittal. See McElroy’s Alabama Evidence, § 269.04.
As to the finding that the stepfather was culpable in failing to answer and in failing to return to the grand-jury room, we defer to the trial court’s discretion. The trial judge was familiar with the layout of the courthouse and specifically told the stepfather to check the other courtroom and to then return to the grand-jury room. When 20 minutes had passed and the stepfather could not be found, the court proceeded without the stepfather. *1148 The Kirtland court stated: “[A] trial court’s decisions should be looked upon with great deference, because, as Professor Wright states: the trial judge ‘... is in the best position to evaluate the good faith and credibility of the parties.’ ” 524 So.2d at 608, quoting Charles Alan Wright et ah, Federal Practice & Procedure, Civil, § 2693 (2d ed.1983).
The trial court found that the stepdaughter would be prejudiced if the default judgment was set aside. It did not state the reasons for that finding. However, a lack of prejudice to the plaintiff, when no meritorious defense has been presented and the defendant’s own culpable conduct resulted in a default, is, alone, insufficient to show an abuse of discretion in denying a motion to set aside a default judgment. Therefore, we affirm the denial of the motions to set aside the entry of default and the default judgment.
The stepdaughter’s counsel concedes that further proceedings on the issue of damages are required, because the stepdaughter’s affidavit was not included in the record and the stepfather, in his motion to set aside the default judgment, specifically challenged the amount of the damages. We note that the stepdaughter’s counsel did not move to supplement the record on appeal with a copy of the affidavit.
In Oliver v. Towns, 738 So.2d 798 (Ala.1999), our supreme court upheld a default judgment to the extent it held the defendant liable, but remanded the case for a hearing to determine whether the compensatory- and punitive-damages awards were excessive. In accordance with Oliver, we affirm the default judgment to the extent it held the stepfather liable, but we remand the case for the trial court to hold a hearing to determine whether the damages award was excessive. Due return shall be made to this court within 56 days of the date of this opinion.
AFFIRMED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in the result.

On Return To Remand

PER CURIAM.
On June 21, 1999, K.B. (“the stepdaughter”), acting by and through her mother, A.B., sued M.L.E. (“the stepfather”), alleging that he had sexually abused her on several instances and that he had once raped her, and that in doing so he had committed the tort of outrage, had falsely imprisoned her, and had committed assault and battery. The stepdaughter sought $1 million in compensatory damages for physical injury and for emotional distress.
On October 26, 1999, the trial court entered a $500,000 default judgment against the stepfather. In its order, the trial court found: (1) that the stepfather had been properly served with notice; (2) that the stepfather had not answered the complaint and had not complied with discovery requests; (3) that the court had scheduled a hearing on the stepdaughter’s motion for a default judgment; (4) that the stepfather had moved to set aside the entry of default and to allow an answer, but that his motion did not set forth a meritorious defense-or any defense — to the complaint; (5) that although the stepfather initially had appeared at the hearing, he did not reappear after being excused to check the courtroom for his attorney; and (6) that his attorney had been given notice of the hearing. On November 24, 1999, the stepfather moved to set aside the default judgment; his motion was denied by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P. The compensatory-damages award was *1149 based on an affidavit from the stepdaughter concerning the physical and emotional abuse she claimed her stepfather had caused her. The stepfather appealed.
On December 1, 2000, this court issued an opinion upholding the default judgment to the extent it held the stepfather liable, but it remanded the case for a hearing to determine whether the compensatory-damages award was excessive. We noted that the stepdaughter’s affidavit concerning mental anguish and emotional distress was not included in the record.
The trial court made its return to this court on February 2, 2001. That return indicates that the trial court held a hearing and subsequently entered an order in which it stated that the compensatory-damages award was not excessive. The trial court also stated that the stepdaughter’s affidavit supporting her claim for damages had been inadvertently omitted from the record, and it included that affidavit with its order.
Based on the affidavit, we conclude that the compensatory-damages award was not excessive. The stepfather had sexually molested his stepdaughter on numerous occasions over a period of two years, while he was married to her mother. When the abuse began, the stepdaughter was 11 years old. She stated that she had lived in fear of sexual attacks by the stepfather and that those attacks were often physically painful and resulted in various injuries. She stated, “I became physically ill and nauseated because of the dread, fear and knowledge that he would keep doing these things again and again, and I couldn’t make him stop.” The stepdaughter said she now suffers from nightmares. She stated:
“I usually stay [awake] for the rest of the night, until the sun comes up, after a nightmare. In the daylight, I can try to pretend that I am normal. Sometimes it works — most of the time it doesn’t. I know that because of the abuse, I am damaged goods. Even just hugging someone can trigger a flashback to the rape. It is an awful way to live.”
The supreme court has stated:
“ We recognize that mental anguish and emotional distress are not items for which a precise amount of damages can be assessed; thus, in considering whether a jury verdict for compensatory damages is excessive, we must view the evidence from the plaintiffs perspective and determine what the evidence supports in terms of the plaintiffs suffering.’ ”
Wal-Mart Stores, Inc. v. Goodman, 789 So.2d 166, 178 (Ala.2000), quoting Foster v. Life Ins. Co. of Georgia, 656 So.2d 333, 337 (Ala.1994).
The trauma and psychological harm the stepdaughter suffered is clear. The stepfather’s egregious acts, considered in light of the stepdaughter’s young age, well support the $500,000 compensatory-damages award. Cf. Goodman, supra ($200,000 compensatory-damages award for mental anguish upheld in malicious-prosecution case).
The stepdaughter’s request for an attorney fee on appeal is denied.
AFFIRMED.
YATES, P.J., and CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

. The stepfather was criminally prosecuted; the jury found him guilty of sexual abuse, but did not convict him of rape. The stepfather's conviction was affirmed on appeal.

. The fact that the stepfather's conviction for sexual abuse in the first degree was still on appeal went to the weight of the evidence and not to its admissibility. See Rule 803(22), Ala.R.Evid.