United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60479
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENE DARRELL DABBS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
(2:02-CR-101-1-B)
--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gene Darrell Dabbs appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). In addition to the federal charges for possessing a weapon, Dabbs was charged in state court with aggravated assault based on the same incident. The state charges were dismissed. Dabbs argues that the district court erroneously granted the government's motion in limine to exclude evidence of that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal, contending that this exclusion violated his rights to confrontation and denied him a fair trial.

The primary interest secured by the Confrontation Clause of the Sixth Amendment is the defendant's right to cross-examine his accusers. Davis v. Alaska, 415 U.S. 308, 315 (1974). "[T]he Confrontation clause guarantees the defendant 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" United States v. Pace, 10 F.3d 1106 (5th Cir. 1993)(citation omitted). The district court did not err by granting the government's motion in limine. See United States v. Kerley, 643 F.2d 299, 300-01; (5th Cir. 1981) United States v. De La Rosa, 171 F.3d 215, 219 (5th Cir. 1999); see also United States v. Marrero-Ortiz, 160 F.3d 768, 775 (1st Cir. 1998).

AFFIRMED.

2