[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12430
Non-Argument Calendar

_____

D. C. Docket No. 04-00260-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LONNIE PAUL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 7, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Lonnie Paul ("Paul") appeals his convictions after a jury found

him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (Count 2), and possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count 4).  Paul was also indicted on additional firearm and drug charges (Counts 1 and 3) stemming from an earlier search, in September 2003, but the district court granted his motion for judgment of acquittal on these two charges and dismissed them.

## I.

Paul first argues that the district court violated his Sixth Amendment right to confrontation when, at trial, it restricted his cross-examination of Detective Stephen Wannos ("Wannos"), a government witness who testified to an alleged confession made by Paul.  Paul contends that he should have been able to ask Wannos, for impeachment purposes, about prior state charges stemming from the September 2003 search which were later dropped.  Paul also argues on appeal that the district court erred in denying his Federal Rule of Criminal Procedure 8 motion for severance because Counts 1 and 3, stemming from the September 2003 search, were not related to Counts 2 and 4, stemming from the search, in April 2004, which immediately preceded his arrest.  He contends that after the former charges were dismissed, the jury received other-crimes evidence which he contends was inadmissible under Federal Rule of Evidence 404(b).

## II.

We review the district court's restrictions on cross-examination, including a limitation based on relevance, for an abuse of discretion. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1364, 1370-71 (11th Cir. 1994). An erroneous evidentiary ruling will only be reversed for harmful error. *United States v. Dickerson*, 248 F.3d 1036, 1048 (11th Cir. 2001). An error is harmless where "the purported error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *Id.*

We consider certain factors when determining whether a Confrontation Clause violation was harmless including: (1) the importance of the witness' testimony to the government's case; (2) whether the testimony was cumulative; (3) the presence or absence of corroborating or conflicting evidence; (4) the extent of cross-examination otherwise permitted; and (5) the overall strength of the prosecution's case. *Baptista-Rodriguez*, 17 F.3d at 1367.

Although the district court possesses discretionary power to rule on the admissibility of evidence, its discretion in limiting the scope of cross-examination is subject to the requirements of the Sixth Amendment.[1] *United States v. Diaz,*

---

[1] Paul did object to the limitation on cross-examination below, but not specifically on Sixth Amendment grounds. Although not argued by the government, this failure to mention a constitutional argument generally waives it for appellate review. *See United States v. Chau*, 426 F.3d 1318, 1321-22 (11th Cir. 2005) (general hearsay objection does not preserve a

3

26 F.3d 1533, 1539 (11th Cir. 1994). The right to cross-examine witnesses, included in the Confrontation Clause of the Sixth Amendment, guarantees to criminal defendants a "'full and fair opportunity to probe and expose [the] infirmities [in a witness' testimony] through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony.'" *Baptista-Rodriguez*, 17 F.3d at 1366 (citations omitted). "[A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in *otherwise appropriate* cross-examination designed 'to show a prototypical form of bias on the part of the witness, and thereby expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.'" *De Lisi v. Crosby*, 402 F.3d 1294, 1300 (11th Cir. 2005) (citation omitted) (emphasis added).

We have repeatedly recognized the importance of this right to full cross-examination when applied to the government's star witness or to a witness who provides an essential link in the government's case. *United States v. Lankford*, 955 F.2d 1545, 1548 (11th Cir. 1992) (citation omitted); *De Lisi*, 402 F.3d at 1301.

Confrontation Clause issue brought pursuant to *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1534, 158 L. Ed. 2d 177 (2004)). However, under either a plain error or an abuse of discretion standard of review, the outcome would be the same because, as discussed, the district court did not abuse its discretion and complied with the Sixth Amendment.

4

Nevertheless, the right is not without limitation as the Sixth Amendment only protects cross-examination that is relevant. *United States v. Lyons*, 403 F.3d 1248, 1255 (11th Cir.), *cert. denied*, 126 S. Ct. 732 (2005) (citations and quotations omitted). A criminal defendant:

> is entitled only to an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. Trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only *marginally relevant*.

*Baptista-Rodriguez*, 17 F.3d at 1366 (internal quotations and citations omitted) (emphasis added). As such, we find the Confrontation Clause satisfied as long as a district court permits cross-examination that exposes the jury to facts sufficient to evaluate a witness' credibility and enables a criminal defendant to establish a sufficient record from which he can argue that a witness is less than reliable. *Mills v. Singletary*, 161 F.3d 1273, 1288 (11th Cir. 1998) (habeas context). "[O]nce there is sufficient cross-examination to satisfy the Confrontation Clause, further questioning is within the district court's discretion." *Diaz*, 26 F.3d at 1539 (citation omitted). "The test for the Confrontation Clause is whether a reasonable jury would have received a significantly different impression of the witness' credibility had counsel pursued the proposed line of cross-examination." *Id.* at

5

1539-40 (citation omitted).

After reviewing the record, we conclude that the district court did not abuse its discretion in limiting Paul's cross-examination of Wannos because the subject of his desired inquiry – the disposition of prior state charges – was not an appropriate form of cross-examination as it was irrelevant to Paul's guilt or innocence concerning the charged conduct. *See De Lisi*, 402 F.3d at 1300 (a defendant must be prohibited from engaging in "otherwise appropriate" cross-examination to establish Confrontation Clause violation). Our precedent supports the district court's refusal to allow Paul to use evidence concerning the dismissal of the state case to show that Wannos had an improper motive or bias was not relevant to this case. In *United States v. Kerley*, 643 F.2d 299, 300 (5th Cir. Apr. 1981),[2] the defendant appealed from the district court's refusal to allow him to introduce evidence of his state court acquittal on a battery charge arising from the same incident that was the basis for his federal prosecution. *Id.* The defendant sought to introduce evidence of the state court acquittal to impeach the complaining witness by showing, among other things, his prejudice and interest in the outcome of the federal case. *Id.* As we noted in *Kerley*, "evidence of a prior

_____

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

6

acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime." *Id.* at 300-301. The Court in *Kerley* further stated that "[e]ven if evidence of the state court acquittal were relevant, such evidence was properly excludable because in this instance its probative value was 'substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *Id.* at 301 (quoting Fed. R. Evid. 403).

Also, the defendant in *Lyons* sought to introduce evidence of a state court acquittal on disorderly conduct charges in his federal trial on a charge of possession of ammunition by a convicted felon for the purpose of impeaching the investigating detective. *Lyons*, 403 F.3d at 1250, 1252. He argued that this evidence was relevant to the detective's bias against him and the detective might have planted bullets on him. *Id.* at 1255. We held that the district court had not abused its discretion in excluding the evidence because the relevance, if any, of his acquittal in state court was exceedingly marginal and may have confused the jury. *Id.*

The same rationale applies here. Like Paul, the defendants in *Kerley* and *Lyons* wanted to introduce evidence of a state court proceeding for impeachment

7

purposes. *Kerley*, 643 F.2d at 300; *Lyons*, 403 F.3d at 1253. Though Paul was never prosecuted and, therefore, never acquitted of any state charges, this does not make the dismissal of the state case any more relevant to Paul's federal prosecution. The dismissal of the state case did not prove that Paul was innocent. Rather, at best, it indicated only that the state did not feel that it could meet its burden of proving to the jury beyond a reasonable doubt every element of the crime. The state's decision not to prosecute does not reflect Wannos's interest in the outcome of the case, and any relevance would be exceedingly marginal and properly excluded by the district court. *See Lyons*, 403 F.3d at 1255.

Even if evidence of the dismissal of the state case was relevant, it was properly excluded here because its probative value was substantially outweighed by the danger that it might unfairly prejudice, confuse, or mislead the jury. Given that Federal Rule of Evidence 403 gives the district court broad discretion to exclude otherwise relevant evidence, the district court did not abuse its discretion in restricting Paul's cross-examination of Wannos to not include the disposition of state charges.

The district court's limitation on cross-examination also did not violate the Confrontation Clause because Paul was permitted to expose the jury to facts sufficient to evaluate Wannos's credibility and establish a sufficient record from

8

which he could have argued that his testimony was less than reliable. *Mills*, 161 F.3d at 1288. Paul inquired of Wannos, without objection from the government, why he involved federal authorities in the April 2004 search and if he was "a little disappointed about the earlier search and the results." Paul desired to elicit testimony regarding Wannos's feelings about the September 2003 search to demonstrate that he had a motive to ensure that the April 2004 search resulted in conviction, and he was able to do this. Although Wannos's testimony was vital to the prosecution, was not cumulative, and lacked substantial corroboration, the limitation of Paul's cross-examination of Wannos was insubstantial.

Even if the district court did commit constitutional error by not allowing Paul to cross-examine Wannos regarding the disposition of state charges, reversal is not justified as the error was harmless because sufficient, untainted evidence allowed the jury to return a guilty verdict. The chief issue at trial was whether Paul possessed the gun or the drugs obtained in the April 2004 search. Even without Wannos's testimony about Paul's alleged confession, a jury could have reasonably inferred that Paul possessed both the gun and the drugs based on the facts that (1) Paul was living at the Tioga Avenue address – the site of both searches – during the April 2004 search; (2) his former roommate's testimony that he saw Paul go to the closet after the gun was placed there; (3) Paul's uncontested admission that his

9

fingerprints might be on the gun; (4) Paul's knowledge that an individual regularly on the premises smoked marijuana; (5) Jackson's testimony that people knew to come to Paul's house for drugs; and (6) the small size of the apartment and the amount of the drugs in plain view in the apartment.

Thus, we conclude that the district court did not abuse its discretion in limiting Paul's cross-examination of Wannos and we conclude that the permitted cross-examination complied with the Sixth Amendment.

**III.**

We normally undertake "a two-step analysis to determine whether separate charges were properly tried at the same time." *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002). First, we review *de novo* whether the counts were properly joined under Federal Rule of Criminal Procedure 8(a). *Id.* Rule 8(a) allows two or more offenses to be charged in the same indictment in a separate count for each offense "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Under Rule 8, joinder "requires only that the government 'allege,' not prove, the facts necessary to sustain joinder." *United States v. Dominguez*, 226 F.3d 1235, 1241 n. 8 (11th Cir. 2000) (citation omitted). Rule 8 is construed broadly in favor of the

10

initial joinder. *Id.* at 1238.

When faced with a Rule 8 motion to sever, if the indictment on its face is insufficient to show proper joinder, the prosecution may proffer evidence showing a sufficient connection between the charges. *Dominguez*, 226 F.3d at 1241. Only if the indictment fails to show and the prosecutor fails to proffer a sufficient basis in the expected evidence to justify joinder, should a severance be ordered. *Id.* Regardless of whether both sets of charges involve the presentation of the same evidence, the fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes. *Id.* at 1239.

Second, we review for an abuse of discretion a district court's denial of a defendant's motion, pursuant to Federal Rule of Criminal Procedure 14, to sever the counts. *Hersh*, 297 F.3d at 1241. Under Rule 14, the district court may order separate trials of counts if the joinder of the offenses appears to prejudice the defendant. Fed. R. Crim. P. 14(a). In order to justify reversal of a district court's denial of a motion to sever, the defendant must show "more than some prejudice." *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993) (internal quotations omitted). Rather, "the appellant must demonstrate that he received an unfair trial and suffered compelling prejudice. . . . This is a heavy burden, and one which mere

11

conclusory allegations cannot carry." *Id.* (internal quotations omitted).  If the jury, under all of the circumstances of the case, is able to follow a court's limiting instructions and evaluate the evidence against a defendant based solely on his "own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict," then there is no compelling prejudice.  *Id.* at 386-87.  Severance is not required when "the possible prejudice may be cured by a cautionary instruction."  *Id.* at 387.

Since Paul raises his Federal Rule of Evidence 404(b) argument for the first time on appeal, it is reviewed for plain error only.

After reviewing the record, we conclude that the charged offenses here were properly joined.  Rule 8(a) allows joinder of offenses against a single defendant that are of the same or similar character, even if such offenses do not arise out of the same series of acts or transactions.  *Walser*, 3 F.3d at 385.  While the offenses charged in Counts 1 and 3 were distinct in time from those charged in Counts 2 and 4, they were nonetheless of the same character.  Counts 1 and 2 involved possession of firearms by a convicted felon while Counts 3 and 4 involved marijuana possession.  Therefore, the offenses were of the same character and joinder of these offenses was proper under Rule 8(a).

Paul has also not demonstrated compelling prejudice.  Paul argues that the

jury considered evidence of the September 2003 search in finding him guilty of the April 2004 charges. However, there was no reasonable likelihood that the jury transferred the applicability of the evidence from one search to the other. First, Counts 1 and 3 were not submitted to the jury because the district court granted Paul's motion for judgment of acquittal. In any event, the evidence as to each charge was distinct and uncomplicated, and the testimony and evidence was tied to the specific search in question. For instance, the firearms alleged to be possessed were different for each count. Second, the district court cautioned the jury to consider each charge in the indictment separately and not to permit the evidence pertaining to one count to affect deliberations regarding another count. The jury is presumed to act in accordance with the instructions given. *See Raulerson v. Wainwright*, 753 F.2d 869, 876 (11th Cir. 1985) (stating that jurors are presumed to follow the law as instructed). Paul has not shown that the jury was unable to appraise the evidence against him for each charge. Nor has he shown that the jury allowed evidence of the September 2003 search to factor into its determination of his guilt of the April 2004 charges.

With respect to whether the evidence from one search would not have satisfied the requirements of Rule 404(b) for use in the trial of the other search, such admissibility is not required in order for the denial of severance to be within

13

the district court's discretion. *United States v. Harper*, 680 F.2d 731, 734 (11th Cir. 1982). As noted above, the district court properly denied the severance as the counts were properly joined under Rule 8.

In sum, because Paul is unable to demonstrate compelling prejudice, the district court's denial of his motion for severance did not render his trial unfair and was not an abuse of discretion.

For the above-stated reasons, we affirm Paul's convictions.

**AFFIRMED.**