[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11386
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00066-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEROY ISOM HOWARD,
JAMES MARQUIS QUARTERMAN,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(April 8, 2010)

Before EDMONDSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

James Marquis Quarterman and Leroy Isom Howard, through counsel, appeal following their convictions and sentences for: (1) distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c) and 18 U.S.C. § 2 (Count One); and (2) possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and 18 U.S.C. § 2 (Count Two). On appeal, Quarterman challenges his convictions by raising four arguments: (1) the district court abused its discretion in denying his motion for a mistrial based on the government's alleged discovery violation under Fed.R.Crim.P. 16; (2) the district court erred in its dealings regarding alleged prosecutorial misconduct that occurred during the government's rebuttal closing argument; (3) the district court abused its discretion in granting the government's motion *in limine* to exclude evidence of his prior acquittal of a drug-conspiracy charge; and (4) there was insufficient evidence to support the district court's denial of his motion for a judgment of acquittal as to both counts. Quarterman also argues that the cumulative effect of all the district court's errors mandates reversal. Howard challenges his mandatory-minimum sentences totaling 120 months' imprisonment by arguing that mandatory minimum sentencing conflicts with 18 U.S.C. § 3553(a) and violates the Sixth Amendment.

## I.    Quarterman

### A.    Discovery violation

Quarterman argues that the district court erred in denying his motion for a mistrial based on the government's alleged discovery violation for failing to disclose evidence that he made a statement during the drug transaction. Quarterman submits that the error substantially prejudiced him because his opening statement to the jury alleged that he did not make any statements during the transaction.

We review a district court's denial of a motion for a mistrial for an abuse of discretion. *United States v. Perez-Oliveros*, 479 F.3d 779, 782 (11th Cir. 2007). We will not reverse a conviction based on a discovery violation unless the appellant can demonstrate that the violation prejudiced his substantial rights. *United States v. Rivera*, 944 F.2d 1563, 1566 (11th Cir. 1991). "Substantial prejudice is established when the defendant shows that he was unduly surprised and did not have an adequate opportunity to prepare a defense or that the mistake had a substantial influence on the jury." *Id.*

The government's discovery obligations are set out in Fed.R.Crim.P. 16, which provides in relevant part that:

> Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the

> defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

Fed.R.Crim.P. 16(a)(1)(A). We have held that Rule 16 was "never triggered" with respect to certain statements because the government did not intend to use those statements at trial. *Perez-Oliveros*, 479 F.3d at 782. Likewise, Rule 16 is inapplicable if the statement was not made to a government agent. *United States v. Taylor*, 417 F.3d 1176, 1181-82 (11th Cir. 2005). Thus, the district court did not abuse its discretion in denying Quarterman's motion for a mistrial because the government did not commit a discovery violation under Rule 16.

## B. Prosecutorial misconduct

Quarterman argues that two instances of prosecutorial misconduct during the government's rebuttal closing argument regarding DNA and fingerprint evidence were "inflammatory, prejudicial, and irrelevant," and denied him a fair trial.

We review the district court's determinations regarding prosecutorial misconduct *de novo* because they involve mixed questions of law and fact. *United States v. Noriega*, 117 F.3d 1206, 1218 (11th Cir. 1997). We subject allegations of prosecutorial misconduct to a "two-part test." *United States v. Obregon*, 893 F.2d 1307, 1310 (11th Cir. 1990). The test requires us to assess (1) whether the challenged statements were improper, and (2) if so, whether they prejudicially

4

affected the substantial rights of the defendant. *Id.*

With respect to the first prong, we have held that "[t]he sole purpose of closing argument is to assist the jury in analyzing the evidence." *United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997) (quotation omitted). The prosecutor may not "exceed the evidence" during closing argument, but may draw reasonable conclusions from it. *Id.* However, we recognize that "in the heat of argument, counsel do occasionally make remarks that are not justified by the testimony, and which are, or may be, prejudicial to the accused," and that our task is to determine their probable effect on the jury. *United States v. Rodriguez*, 765 F.2d 1546, 1560 (11th Cir. 1985) (quotation omitted). In addition, "the prosecutor, as an advocate, is entitled to make a fair response to the arguments of defense counsel." *United States v. Sarmiento*, 744 F.2d 755, 765 (11th Cir. 1984) (quotation and alteration omitted). Accordingly, the issues raised by a defendant in his closing argument are "fair game for the prosecution on rebuttal." *Id.*

With respect to the second prong, we have held that "[a] defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would be different." *United States v. Wilson*, 149 F.3d 1298, 1301 (11th Cir. 1998) (quotation and alteration omitted). "A reasonable probability is a probability sufficient to undermine

5

confidence in the outcome." *United States v. Eyster*, 948 F.2d 1196, 1207 (11th Cir. 1991) (quotation and alteration omitted). Therefore, the alleged errors are harmless if they represent only an insignificant portion of the trial, and properly admitted evidence sufficiently establishes a defendant's guilt, as the defendant's substantial rights are not affected. *See United States v. Adams*, 74 F.3d 1093, 1099-1100 (11th Cir. 1996). Lastly, a "curative instruction purges the taint of a prejudicial remark because a jury is presumed to follow jury instructions." *United States v. Simon*, 964 F.2d 1082, 1087 (11th Cir. 1992) (quotation omitted).

In this case, because the prosecutor's challenged statements were not improper and the district court nevertheless took curative action, there was no reversible error.

## C. Motion *in limine*

Quarterman argues that the district court abused its discretion and denied him a fair trial by excluding evidence of his acquittal in a previous proceeding of a drug-conspiracy charge, when the previous proceeding involved the same law enforcement agencies and U.S. Attorney. Quarterman asserts that the evidence of his prior acquittal was relevant to cast doubt on the credibility of the government's key witness and the legitimacy of the prosecution, and qualified as a non-hearsay statement under Fed.R.Evid. 801(d).

6

We review a district court's grant of a motion *in limine* for an abuse of discretion. *United States v. Thompson*, 25 F.3d 1558, 1563 (11th Cir. 1994). "The trial court is vested with broad discretion in ruling upon the relevancy and admissibility of evidence." *United States v. Anderson*, 872 F.2d 1508, 1515 (11th Cir. 1989). We "will affirm the district court even on occasions in which we would have gone the other way had it been our call." *United States v. Lyons*, 403 F.3d 1248, 1255 (11th Cir. 2005) (quotation and ellipsis omitted). Moreover, "[a]n evidentiary ruling will stand unless the complaining party has shown a substantial prejudicial effect." *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004) (quotation omitted). Also, we will reverse an erroneous evidentiary ruling "only if the resulting error was not harmless." *United States v. Dickerson*, 248 F.3d 1036, 1048 (11th Cir. 2001) (quotation omitted). An error is harmless if it "had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *Id.* (quotation omitted).

"Generally, courts should not prohibit a defendant from presenting a theory of defense to the jury." *Thompson*, 25 F.3d at 1564. Nevertheless, a relevant factual basis for the defense must exist under Fed.R.Evid. 401 and 402. *Id.* Federal Rule of Evidence 402 provides that only relevant evidence is admissible. Fed.R.Evid. 402. "Relevant evidence" is "evidence having any tendency to make

7

the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed.R.Evid. 403.

The former Fifth Circuit's holding in *United States v. Kerley*, 643 F.2d 299 (5th Cir. 1981), lends guidance to the disposition of the issue at hand. In *Kerley*, the defendant sought to introduce evidence of his prior state court acquittal of a battery charge arising from the same incident for which he was tried in federal court to show an improper motive of a testifying witness and impeach the credibility of such witness in his federal trial. *Id.* at 300. With respect to Rule 401, the former Fifth Circuit held that "evidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime." *Id.* at 300-01. The former Fifth Circuit further held that, even if the prior acquittal was relevant, the district court properly excluded such evidence because its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury under Fed.R.Evid. 403, given that the elements of the present charge were "entirely

different" from those of the previous charge. *Id.* at 301.

Here, the district court did not abuse its discretion in finding Quarterman's prior acquittal to be inadmissible under Rules 401 and 403 because it was not relevant and its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

## D. Cumulative error

Quarterman argues that the cumulative effect of the district court's erroneous evidentiary exclusion, when considered with the alleged prosecutorial misconduct and discovery violation discussed above, constitutes reversible error.

"The cumulative error doctrine provides that an aggregation of non-reversible errors . . . can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005) (quotation omitted). Where there is no error or only a single error, there can be no cumulative error. *United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004). In this case, Quarterman's argument regarding the cumulative effect of the alleged errors fails because he cannot demonstrate the existence of any error.

## E. Sufficiency of evidence

Quarterman incorporates the arguments he made at the district court level regarding the sufficiency of the evidence, while emphasizing that he has "always

maintained" that the evidence was insufficient to support his convictions.

We review *de novo* a district court's denial of a motion for a judgment of acquittal. *United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007). In determining whether sufficient evidence supports an appellant's convictions, we "must view the evidence in the light most favorable to the government and decide whether a reasonable fact finder could have reached a conclusion of guilt beyond a reasonable doubt." *United States v. Herrera*, 931 F.2d 761, 762 (11th Cir. 1991). Furthermore, a "jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.* Similarly, the "evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." *United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir. 1989).

Reviewing the evidence in the light most favorable to the government, we find the evidence was sufficient for a jury to find beyond a reasonable doubt that Quarterman was guilty of distribution of cocaine base and possession with intent to distribute five grams or more of cocaine base.

## II.  **Howard**

We review *de novo* the legality of a criminal sentence. *United States v.*

*Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007) (quotation omitted). We are bound to follow binding precedent unless and until the precedent has been overruled by us sitting *en banc* or by the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotation omitted), *cert. denied*, 129 S.Ct. 2825 (2009).

In *United States v. Castaing-Sosa*, we held that a district court cannot sentence below the statutory mandatory minimum pursuant to 18 U.S.C. § 3553, except under § 3553(e), when the government files a substantial-assistance motion, or under § 3553(f), when the defendant falls under the safety-valve exception. 530 F.3d 1358, 1361-62 (11th Cir. 2008). Further, we held that neither the § 3553(a) factors nor *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), authorized a district court to impose a sentence below the mandatory minimum. *Id.*

Accordingly, the district court did not err in imposing a total sentence of 120 months' imprisonment pursuant to the statutory mandatory minimum because the court complied with our binding precedent.

**AFFIRMED.**