# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
April 14, 2009 Session

## STATE OF TENNESSEE v. ALFRED TURNER

**Criminal Court for Shelby County**
**No. 04-02872**

---

**No. W2007-00891-CCA-R3-CD   -   Filed June 22, 2010**

---

CAMILLE R. MCMULLEN, dissenting.

In large part, I agree with the majority in this case. However, I must respectfully dissent from my colleagues' conclusion reversing the judgment of the trial court based on its failure to exclude Tate's and Blades' testimony regarding their acquittals.[1]

Courts that have analyzed this issue generally exclude judgments of acquittal when offered to rebut inferences that may be drawn from evidence that was the basis of a previous trial because (1) it is considered to be hearsay, (2) it is not relevant because it does not prove innocence, and (3) its prejudicial effect substantially outweighs its probative value because the jury may be confused upon learning that a previous jury had found the defendant not guilty of the prior acts. Kinney v. People, 187 P.3d 548, 555 (Colo. 2008) (citing United States v. Wells, 347 F.3d 280, 285-86 (8th Cir. 2003); United States v. De La Rosa, 171 F.3d 215, 219-20 (5th Cir. 1999); Weinstein's Federal Evidence § 803.24[7], 803-138 to -140 (2d ed. 2008)); see also United States v. Kerley, 643 F. 2d 299, 300-01 (5th Cir. 1981).[2] Because none of the above rationales apply to this case, I would affirm the judgment of the trial court.

The majority cites United States v. Kerley, 643 F.2d 299 (5th Cir.1981), the seminal

---

[1] Although the Tennessee Supreme Court has held that in a trial on the issue of guilt, "evidence that the defendant committed an alleged crime other than that for which he is on trial should not be admitted when he has been acquitted of such alleged other crime," see State v. Holman, 611 S.W.2d 411 (Tenn.1981), our research has revealed no Tennessee case authority addressing treatment of prior acquittals in this context. The most analogous principle to the issue before us is that "[e]vidence of [an] acquittal of one jointly indicted with the accused is not admissible on behalf of the accused as tending to establish that he or she is also innocent." State v. Scott, 619 N.W.2d 371 (Iowa 2000)); see also State v. Johnson, 787 S.W.2d 872, 874 (Mo. App.1990); State v. Clark, 646 S.W.2d 409, 411 (Mo. App.1983).

[2] Some federal courts have excluded evidence of judgments of acquittal, based on Rule 803(22), Fed.R.Evid., because that rule admits only judgments of conviction as an exception to the hearsay rule.

case for excluding evidence of a prior acquittal, in support of their decision to reverse the judgment and conviction in this case. In Kerley, the defendant, a law enforcement officer, was accused of repeatedly striking an individual held in custody. Id. The defendant was acquitted by a state jury of the battery charge. In the federal trial arising from the same incident, the defendant sought to introduce the judgment of acquittal from the state case, "not as direct evidence, but rather to impeach the complaining witness by showing his prejudice and interest in the outcome of the federal case, and to test his credibility because he testified in the state case." Id. at 300. The trial court refused to admit the prior acquittal, and the defendant appealed. In denying relief, the Fifth Circuit stated that the evidence of the prior acquittal was not relevant. Even if considered relevant, the court reasoned, among other things, that its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury because the elements of the state battery charge were entirely different from the elements of the federal charges. Id. at 301.

In my view, the instant case is distinguishable from Kerley. First, in almost every case that has analyzed this issue, the defendant has sought to introduce evidence of his own acquittal from a prior trial primarily to impeach a witness. Here, the defense moved to exclude "reference by the State of Tennessee to [Tate's and Blades'] arrest, indictment, or acquittal." In response, the State explained that they sought the introduction of Tate's and Blades' testimony regarding the acquittal to explain why the State's investigation had continued after the first trial. The record shows that over ten years had passed between the victim's murder in 1995 and the instant trial. I would also note the State's acknowledgment to the trial court that "nobody [] from the State [would] argue that obviously [Tate and Blades] didn't do it because they were acquitted. That would be improper." Further, defense counsel conceded that their trial strategy was to "point the finger" at Tate and Blades. The State then argued that it would be fundamentally unfair to allow testimony from the previous trial which involved Tate and Blades and prevent the State from mentioning that they were charged, indicted, or acquitted. For the reasons provided by the State, I believe Tate's and Blade's testimony was relevant.

In addition, unlike the acquittal evidence in Kerley, the State did not attempt to introduce the actual judgments of acquittal in this case. Rather, the acquittal evidence in this case originated from witness/defendants who were present at the previous trial, intimately involved in the case, and available to be cross-examined by the defense. As such, their testimony does not constitute hearsay. Moreover, the probative value of the testimony regarding Tate's and Blade's acquittal was not outweighed by the prejudicial effect that the jury would be misled or confused in Turner's case. In fact, this case demonstrates exactly the opposite. Over half of the proof at trial, submitted by the State and the defense, consisted of evidence and testimony from the previous trial, which occurred over ten years ago. The proof detailed Tate and Blade's involvement. Aaron Williams, another prosecution witness

charged with various crimes related to this case, also testified that he was testifying against Turner in exchange for a reduced sentence. Given these unique facts and circumstances, it is more likely that the jury would have been misled and confused the issues had they not heard that Tate and Blades were arrested, charged, and acquitted. See State v. New, 536 N.W.2d 714, 718 (S.D. 1995) (holding that testimony of another who was acquitted of the same offense for which the defendant was on trial was admissible because strategy of the defendant "opened the door" to the acquittal evidence and "failed to show actual prejudice" as a result). Accordingly, I would have concluded that there was no abuse of discretion by the trial court in allowing the State to present testimony regarding the prior acquittals in this case.

_____
CAMILLE R. McMULLEN, JUDGE
