981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Don Edward SMITH, Defendant-Appellant.
 No. 91-5450.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 28, 1992
Decided: December 15, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge.
 Argued: Kathleen G. Sumner, Ronnie Monroe Mitchell, Harris, Mitchell, Hancox & Vanstory, Fayetteville, North Carolina, for Appellant.
 Jane H. Jolly, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 On Brief: Margaret Person Currin, United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before RUSSELL, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Don Edward Smith challenges on several grounds his convictions for possession with intent to distribute crack cocaine, use of a firearm during and in relation to a drug trafficking crime, and possession of a firearm by a convicted felon. We discern no error by the district court, and therefore affirm.
 
 I.
 
 2
 In October 1990, an undercover investigation by the Scotland County, North Carolina Sheriff's Office led to the arrest of several individuals for attempting to purchase two kilograms of cocaine. Those individuals implicated appellant, Don Edward Smith, and police officers obtained and executed a search warrant for Smith's apartment, in Fayetteville, North Carolina. See J.A. at 422-23C. Their search revealed a loaded handgun, a set of Acculab digital scales, 24.5 grams of crack cocaine, vials, glass cooking pots, plastic baggies and paper towels bearing crack cocaine residue, and $3,738 in cash. See id. at 422, 672, 682-91, 740. In a superseding indictment in the United States District Court for the Middle District of North Carolina filed January 28, 1991, Smith and several codefendants were charged with conspiracy to possess with intent to distribute cocaine, conspiracy to distribute cocaine, and attempt to possess with intent to distribute cocaine. See 21 U.S.C. § 846. After a jury trial, Smith was acquitted.
 
 
 3
 On February 26, 1991, a grand jury in the United States District Court for the Eastern District of North Carolina indicted Smith of possession with intent to distribute crack cocaine, see 21 U.S.C. § 841(a)(1), use of a firearm during and in relation to a drug trafficking crime, see 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon, see 18 U.S.C. § 922(g).[1] The district court denied Smith's motion to dismiss the indictment, see J.A. at 554-59, 623-24, and the jury convicted Smith of all three counts.
 
 II.
 
 4
 Smith argues that the district court erred in denying his motion to dismiss the indictment on double jeopardy or collateral estoppel grounds.[2] His Middle District of North Carolina acquittal of conspiracy and attempt charges, he contends, bars his prosecution in the Eastern District of North Carolina for possession with intent to distribute. We disagree.
 
 
 5
 Smith's emphasis on the Government's use of the evidence obtained from the search of his apartment in both prosecutions is misplaced. In United States v. Felix, 112 S. Ct. 1377, 1382 (1992), the Supreme Court rejected as "not supportable" the "assumption that if the Government offers in evidence in one prosecution acts of misconduct that might ultimately be charged as criminal offenses in a second prosecution, the latter prosecution is barred under the Double Jeopardy Clause." Even Grady v. Corbin, 495 U.S. 508 (1990), upon which Smith relies heavily, expressly declined to adopt a "same evidence" test. See id. at 521 & n.12. We thus reject Smith's contention that he was prosecuted twice for the same offense: The Government prosecuted Smith in the Middle District of North Carolina for his role in conspiring and attempting to purchase two kilograms of cocaine and prosecuted him in the Eastern District of North Carolina for possessing 24.5 grams of crack cocaine in his apartment. Although the Government did use the evidence from Smith's apartment to bolster its Middle District of North Carolina case, the Court warned in Felix: "[O]ur precedents hold that a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." 112 S. Ct. at 1382 (emphasis added).
 
 
 6
 We also find unpersuasive Smith's focus on the Middle District of North Carolina trial court's Pinkerton[3] instruction: that the jury could find Smith guilty of the underlying substantive crime if it found him guilty of conspiracy, provided it found that the substantive offense had been committed by a member of the conspiracy pursuant to a common plan and understanding, and that Smith both belonged to the conspiracy at the time and reasonably could have foreseen the commission of the substantive crime by his coconspirators. J.A. at 409. Because the jury acquitted him in spite of this instruction, Smith contends, the jury must also have acquitted him of the underlying substantive offense.
 
 
 7
 This argument misconstrues the instruction. Although the instruction permitted the jury to hold Smith liable for foreseeable substantive acts of the conspiracy, it also required the jury to first find both that there actually was a conspiracy and that Smith was one of its members. The absence of either of those elements would have required the jury to acquit. The jury in the Middle District of North Carolina might simply have found no agreement between Smith and the other defendants. Smith, therefore, cannot rely on collateral estoppel, because he has not met his burden of showing that the jury necessarily decided the issue whose relitigation he seeks to foreclose: his liability for the substantive act of possession. See Dowling v. United States, 493 U.S. 342, 347-52 (1990). And as Smith concedes, see Appellant's Br. at 7, the Supreme Court has firmly established "the rule that a substantive crime, and a conspiracy to commit that crime, are not the 'same offense' for double jeopardy purposes." Felix, 112 S. Ct. at 1384; see also United States v. Bayer, 331 U.S. 532, 542-43 (1947); Pinkerton, 328 U.S. at 643.[4]
 
 III.
 
 8
 Smith contends that the district court committed reversible error by not allowing him to bring before the jury the evidence of his prior acquittal. Appellant's Br. at 19-20; see J.A. at 933. We disagree. "[E]vidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime." United States v. Kerley, 643 F.2d 299, 300-01 (5th Cir. Unit B Apr. 1981); see also United States v. Sutton, 732 F.2d 1483, 1493 (10th Cir. 1984) ("[A] judgment of acquittal is hearsay, and there is no exception to the hearsay rule for judgments of acquittal."), cert. denied, 469 U.S. 1157 (1985). See generally Prince v. Lockhart, 971 F.2d 118, 122 (8th Cir. 1992) (describing "general rule" that "a judgment of acquittal is not usually admissible" and citing cases). Especially in light of the "substantial deference" accorded to a district court's evidentiary rulings, we conclude that the court did not abuse its discretion in excluding the evidence. See United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992).
 
 IV.
 
 9
 Smith also argues that there was insufficient evidence to support his conviction under 18 U.S.C. § 924(c)(1), which provides:
 
 
 10
 Whoever, during and in relation to any ... drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years....
 
 
 11
 Smith contends that the Government failed to prove that he "use[d] or carrie[d] a firearm" and failed to show a nexus between the gun and a drug trafficking offense.
 
 
 12
 Viewing the evidence in the light most favorable to the Government, see, e.g., Glasser v. United States, 315 U.S. 60, 80 (1942), we conclude that a reasonable jury could have found Smith guilty of the offense. When the police officers first entered the apartment they noticed an ammunition clip from a semi-automatic gun. Concerned, they questioned Smith, who replied, "There is a gun underneath the couch." Id. at 663. The officers found the gun under a couch in the living room, the same room in which they found Smith when they entered his apartment. See J.A. at 657, 708. The gun was loaded when they found it, and it sat approximately ten feet from the 24.5 grams of crack cocaine that they found and approximately fifteen feet from the digital scales. See id. at 422, 672, 710. In Smith's kitchen, the officers found cooking pots, vials, plastic baggies, and paper towels bearing crack cocaine residue. See id. at 422, 682-91. This court has interpreted the § 924(c)(1) nexus to require only that "the firearm [be] present for protection and to facilitate the likelihood of success, whether or not it is actually used." United States v. Brockington, 849 F.2d 872, 876 (4th Cir. 1988). A reasonable jury could have found that Smith had the gun for protection and to facilitate his possession of crack cocaine with intent to distribute.
 
 V.
 
 13
 Finally, Smith challenges the district court's denial of his motion to suppress the evidence obtained from the search of his apartment. See J.A. at 523-37, 552. He contends that the magistrate issued the search warrant without probable cause because the affidavit supporting the application for the warrant lacked particularity and relied upon stale information. See Appellant's Br. at 27-28. We disagree. The affidavit recounted several statements by Smith's Middle District of North Carolina codefendants: that one of them had alerted Smith to a large cocaine source, that the $46,000 discovered in the Scotland County sting operation belonged to Smith, and that one of them had picked up $20,000 from Smith's apartment and dropped off large sums of money there on other recent occasions. See J.A. at 423C. The affidavit also described reports from the security office of Smith's subdivision that two of the men arrested in the sting operation had been seen going in and out of Smith's apartment and that traffic was heavy to and from his address at night. See id . Under the "totality of the circumstances," we cannot conclude that the magistrate issuing the warrant lacked a substantial basis for finding probable cause. See Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. Williams, 974 F.2d 480, 481-82 (4th Cir. 1992) (per curiam ).[5] The district court properly denied Smith's motion to suppress the evidence obtained from the search of his apartment.
 
 CONCLUSION
 
 14
 For the reasons stated herein, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 [1]
 On June 16, 1987 Smith pleaded guilty in New Jersey Superior Court to possession of cocaine with intent to distribute and unlawful possession of a handgun. See J.A. at 535-51
 
 
 [2]
 Under the Double Jeopardy Clause of the Fifth Amendment, no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V
 
 
 [3]
 See Pinkerton v. United States, 328 U.S. 640, 646-47 (1946)
 
 
 [4]
 Although Smith argues that under Grady, he "need only show that any element of the second prosecution requires proof of conduct already sanctioned in the first prosecution," Appellant's Br. at 13, Felix indicates otherwise. "Faced with the necessity of reconciling ... longstanding authority with our language in Grady, we choose to adhere to the Bayer-Pinkerton line of cases dealing with the distinction between conspiracy to commit an offense and the offense itself. These are separate offenses for double jeopardy purposes." 112 S. Ct. at 1385
 
 
 [5]
 Similarly, we reject Smith's characterization of the evidence as "stale." The police executed the warrant only 48 hours after arresting Smith's codefendants for attempting to purchase cocaine with $46,000 that allegedly belonged to Smith