**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4406

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MEEHWAN RO,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:09-cr-00356-RWT-1)

Argued:  October 27, 2011             Decided:  January 10, 2012

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished opinion.  Judge Wynn wrote the opinion, in which Judge Niemeyer and Judge Diaz concurred.

**ARGUED:**  Marc Gregory Hall, HALL & CHO, P.C., Rockville, Maryland, for Appellant.  Deborah A. Johnston, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.  **ON BRIEF:**  Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Mara Zusman Greenberg, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

Defendant Meehwan Ro appeals from convictions and sentences for being a felon in possession of a firearm, possession of a firearm with an obliterated serial number, and possession with intent to distribute marijuana. After a careful review of the record, we conclude that Defendant received a fair trial and that the sentence imposed was both procedurally and substantively reasonable.

I.

On June 11, 2009, a search warrant was executed on Defendant's home while Defendant, his girlfriend, and his father were present. Law enforcement officers had been investigating suspected drug activity at the home and nine days before the execution of the search warrant had found suspected drug paraphernalia and marijuana residue in trash bags recovered from the house.

During their search of Defendant's home pursuant to the search warrant, law enforcement officers recovered what was later determined to be approximately 135 grams of marijuana, digital scales, a grinding tool, and other drug paraphernalia from the master bedroom. Officers also found Defendant's wallet, .45-caliber cartridges, nine-millimeter bullets, and a firearm magazine in the master bedroom, as well as a gun holster

2

in the kitchen and a .45-caliber handgun in the top drawer of a filing cabinet in the garage.

Defendant was indicted on October 28, 2009 on one count each of being a felon in possession of a firearm, possession of a firearm with an obliterated serial number, and possession with intent to distribute marijuana. At trial, both Defendant's father and girlfriend testified that the firearm, ammunition, and marijuana did not belong to them. Defendant's sister testified that their other brother had purchased the gun in response to a robbery of the family's liquor store and that Defendant's brother had regular access to the house. However, that brother testified that he owned neither the gun nor the ammunition recovered during the search. Defendant did not contest that the marijuana belonged to him but instead argued that the drugs were for personal use rather than distribution.

The jury also heard evidence of Defendant's prior drug conviction and possession of a firearm. After the district court denied Defendant's pretrial motion to exclude evidence of the 1999 conviction and again overruled the motion during trial, Defendant stipulated to his 1999 conviction for possession with intent to distribute marijuana. In addition, the arresting officer in that case testified that in 1998 a firearm was recovered from Defendant's bedroom when a search warrant, incident to the 1999 conviction, was executed on Defendant's

3

home. Defendant's testimony from his 1999 trial that he had purchased a handgun and kept it in his bedroom closet, was also read into evidence. The district court gave a limiting instruction concerning that evidence. However, Defendant was barred from introducing evidence that he was ultimately acquitted of the possession-of-a-firearm charge at his 1999 trial.

At the conclusion of the two-day trial, the jury found Defendant guilty on all three charges. During sentencing, the district court found that Defendant's 1999 conviction for possession with intent to distribute marijuana occurred within ten years of the relevant conduct at issue here. Accordingly, the district court started Defendant at level twenty for purposes of the United States Sentencing Guidelines. In addition, the district court enhanced Defendant's offense level by another eight levels because Defendant possessed the firearm—which had an obliterated serial number—in "sufficient nexus" with another felony offense, i.e., possession with intent to distribute. The district court sentenced Defendant to a total of ninety months' imprisonment on all counts. Defendant challenges his conviction and sentence.

On appeal, Defendant argues that the trial court erred by: (1) admitting into evidence Defendant's 1999 conviction for possession with intent to distribute marijuana and 1998 possession of a firearm under Federal Rule of Evidence 404(b); (2) improperly denying Defendant the ability to admit into evidence that he was acquitted of the firearm possession charge in 1999; (3) considering the 1999 conviction as a prior offense committed within the last ten years under the United States Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(a)(4)(A); and (4) applying the enhancement under U.S.S.G. § 2K2.1(b)(6) because there was not a sufficient nexus between the gun and the marijuana. We consider each argument in turn.

A.

First, Defendant contends that the trial court erred by admitting into evidence Defendant's 1999 possession with intent to distribute marijuana conviction and 1998 possession of a firearm. Specifically, Defendant maintains that this evidence was irrelevant and unnecessary to the Government's case against him. We disagree.

At the time of Defendant's trial, Federal Rule of Evidence 404(b) provided that evidence of prior crimes, wrongs, or bad acts may be admissible for purposes other than to establish a

propensity for criminal activity "to prove the character of a person in order to show action in conformity therewith."[1]  Such purposes include "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Id.  Further, evidence of prior bad acts is admissible so long as it is relevant to an issue other than the defendant's character, necessary, and reliable.  United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997).  If evidence of prior crimes, wrongs, or bad acts meets these criteria and its probative value is not substantially outweighed by its prejudicial effect, it may be admitted.  Id.  This Court reviews a district court's admission of evidence for an abuse of discretion.  United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004).

Significantly, "[w]e have long treated Rule 404(b) as an inclusionary rule, permitting introduction of all evidence except that which proves only criminal disposition."  United States v. Sanchez, 118 F.3d 192, 195 (4th Cir. 1997).  Likewise, in Queen, an opinion in which this Court conducted a full examination of our Rule 404(b) jurisprudence, we emphasized that "[t]he more similar the extrinsic act or state of mind is to the

---

[1] Effective December 1, 2011, the precise wording of Rule 404(b) was slightly amended; however, its substantive meaning remains the same.

act involved in committing the charged offense, the more relevance it acquires toward proving the element of intent." 132 F.3d at 996. Moreover, we noted that the term "necessary" does not require absolute necessity but instead only that the evidence be "probative of an essential claim or an element of the offense." Id. at 997.

Here, Defendant asserts that the passage of time since the 1998 possession charges and 1999 conviction diminishes their relevance to this prosecution. He further contends that his prior bad acts were not evidence necessary to prove an element of the charges against him in this case. In support of his arguments, Defendant cites to United States v. Davis, in which this Court found evidence of prior drug sales to be "so remote in time and so possessed of a propensity to prejudice" that the district court had erred by admitting that evidence to prove the defendant's intent to commit the offenses in question. 657 F.2d 637, 639 (4th Cir. 1981).

We find Davis to be distinguishable, however, since even though "the prior acts [in Davis]. . . began eleven years and ended six years before," "[n]o cautionary instruction was asked or given" at trial. Id. Further, the illegal drug sales in question were made to children under the age of thirteen and thus highly prejudicial. Id. at 639-40. This Court also held in Davis that any such error was harmless given the "conclusive"

7

evidence of the defendant's guilt, including testimony from co-conspirators who witnessed him cutting and repackaging heroine for distribution.  Id. at 640.

At trial in this case, Defendant did not contest that the marijuana at issue was his; rather, he maintained that it was for personal use, not for distribution.  As such, the Government argued that the 1999 conviction was relevant and necessary to show intent.  In addition, because knowledge is an element of the offense of felon in possession of a firearm, United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (reciting the elements required for conviction under 18 U.S.C. § 922(g)(1)), the Government maintained that the 1998 possession of a firearm was likewise relevant and necessary to establish Defendant's knowing possession of the handgun in this case.

The district court agreed with the Government that the evidence was admissible to show Defendant's intent and knowledge with respect to the offenses charged.  Thus, the district court denied Defendant's motion in limine to exclude evidence of his 1999 conviction and possession of a firearm.  Moreover, when the evidence was admitted at trial, the district court gave the jurors a limiting instruction that they were not to consider the evidence as "somebody did something on a prior occasion and then infer, therefore, that they did it again," but rather, only for one of the allowable purposes under Rule 404(b).

8

We observe that although ten years is a relatively lengthy time between Defendant's prior bad acts and the charged offenses, the similarities are overwhelming. Indeed, the circumstances are essentially exactly the same, with the only difference the amount of the marijuana seized—greater in this case than in 1999—which strengthens the relevance of the prior bad acts and makes their relative remoteness less important. In light of Defendant's argument that the marijuana was for personal use and not for distribution, the issue of intent was of critical importance at trial. As such, the Rule 404(b) evidence of Defendant's prior bad acts was both relevant and necessary to show Defendant's intent to distribute marijuana and his knowing possession of a firearm.

We further agree with the district court that its probative value was not substantially outweighed by its prejudicial effect. Under the circumstances of this case, the district court's admission of the evidence was not an abuse of discretion.[2]

---

[2] In addition, the transcript of the motions hearing reveals that the district court thoughtfully and carefully considered—and ultimately excluded—several of Defendant's other potentially relevant prior bad acts, such as two earlier simple possession charges. Allowing some Rule 404(b) evidence while excluding other supports our finding that the district court did not act either "arbitrarily or irrationally" in reaching its decision to admit this evidence. United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990) (noting that an abuse of discretion "occurs (Continued)

9

Next, Defendant argues that the district court erred by allowing the Government to admit evidence of his 1998 possession of a firearm while denying Defendant the ability to show that he was ultimately acquitted of that charge. Our standard of review is again for an abuse of discretion. Hodge, 354 F.3d at 312.

At trial, the police officer who conducted the 1998 search of Defendant's residence testified that a handgun was recovered from Defendant's bedroom. In addition, the Government read into evidence Defendant's own testimony from his 1999 trial, in which Defendant stated that he had purchased a handgun and kept it in his bedroom closet. Defense counsel then objected, renewing his pre-trial request that the jury hear that Defendant was ultimately acquitted of the firearm possession charge stemming from the 1998 search. The district court overruled the objection, stating that it "f[ou]nd no basis for requiring the admission of the acquittal, especially since the charge was not the same charge in this case, but rather the acquittal was for possession of a firearm in connection with a drug trafficking crime."

---

only when it can be said that the trial court acted arbitrarily or irrationally in admitting evidence" (internal quotation marks and citations omitted)).

Defendant has failed to show an abuse of discretion in this evidentiary ruling, which was consistent with case law precedent. See, e.g., Prince v. Lockhart, 971 F.2d 118, 122 (8th Cir. 1992) (describing "general rule" why judgments of acquittal are "not generally admissible," as they are hearsay and "not generally relevant," and citing cases to that effect); United States v. Smith, 981 F.2d 1252, 1992 WL 369904, *2 (4th Cir. 1992) (unpublished) ("Evidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime." (internal quotation marks, alteration, and citation omitted)).

As noted by the district court, Defendant was acquitted of a charge different from the one at issue in this case. Accordingly, his acquittal did not have "any tendency to make a fact more or less probable than it would be without the evidence," that is, the acquittal was not relevant. Fed. R. Evid. 401. Further, even if relevant, evidence of the acquittal arguably could have confused the issues between simple possession of a firearm and possession of a firearm in furtherance of drug trafficking, thereby misleading the jury. See Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger

11

of . . . confusing the issues [or] misleading the jury."). Defendant has failed to establish that this ruling was an abuse of discretion.

C.

With his next argument, Defendant contends that the district court erred in considering his 1999 conviction for possession with intent to distribute as a prior offense committed within the last ten years under U.S.S.G. § 2K2.1(a)(4)(A). Specifically, Defendant maintains that the district court should not have agreed with the Government's position that the offenses at issue here dated back to July 2008. The difference between the two base offense levels is significant: With the determination, Defendant's base level was twenty; without it, Defendant's base level would have been only fourteen.

We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005); United States v. Booker, 543 U.S. 220, 261-62 (2005) (stating that sentencing determinations are reviewed for reasonableness). A sentence may be unreasonable for both substantive and procedural reasons. United States v. Herder, 594 F.3d 352, 361 (4th Cir.) (quoting and citing United States

12

v. Montes-Pineda, 445 F.3d 375, 378 (4th Cir. 2006)), cert. denied, 130 S. Ct. 3440 (2010). An error of law or fact can render a sentence unreasonable, but a sentence within a properly calculated range is presumptively reasonable. United States v. Green, 436 F.3d 449, 456-57 (4th Cir. 2006). In considering whether the sentence is unreasonable, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

A district court's "relevant conduct" finding under U.S.S.G. § 1B1.3(a)(2) is reviewed for clear error. Hodge, 354 F.3d at 313. At sentencing, a district court properly may consider offenses for which the defendant has neither been charged nor convicted, provided they constitute "relevant conduct." United States v. Bowman, 926 F.2d 380, 381–82 (4th Cir. 1991). A district court may look beyond the dates in the indictment if a preponderance of the evidence supports a determination that the "relevant conduct" began earlier. See, e.g., United States v. Kennedy, 32 F.3d 876, 890-91 (4th Cir. 1994) (holding that when determining the starting point of the conspiracy, the district court had the authority to look beyond the date alleged in the indictment for a drug offense to "any relevant conduct").

The Sentencing Guidelines provide that "relevant conduct" is defined as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."  U.S.S.G. § 1B1.3; see also United States v. McAllister, 272 F.3d 228, 233-34 (4th Cir. 2001) (noting that "relevant conduct" includes "activity that was part of the same course of conduct or common scheme as the offense of conviction" (internal quotation marks and citation omitted)).

At sentencing, the district court relied on the following facts to determine that Defendant's offending relevant conduct dated to July 2008:  (1) Defendant possessed a distributable amount of marijuana and the materials with which to distribute it; (2) one does not get into the drug distribution business overnight; and (3) Defendant had nearly ninety telephone contacts with another drug dealer between July and November 2008, with calls continuing up to at least two months before the execution of the search warrant in July 2009.  The Government offered evidence of a direct investigative link between those phone calls and the subsequent search warrant and discovery of the drugs and gun at Defendant's residence.  Specifically, the Drug Enforcement Agency (DEA) task force officer learned from a

14

confidential informant that another individual was selling drugs; the officer set up controlled buys from that individual; and that individual's phone records led the officer to Defendant.

Although Defendant contends that relying on this hearsay evidence violates his rights under the Confrontation Clause, this Court has previously held that "the traditional rules of evidence are not applicable to sentencing proceedings" and that "a sentencing court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010); see also United States v. Bras, 483 F.3d 103, 109 (D.C. Cir. 2007) ("Nothing in Crawford [v. Washington, 541 U.S. 36 (2004)] suggests that the Court intended to overturn its precedents permitting the use of hearsay at sentencing.").

Here, the challenged information came from a DEA task force officer and explained his investigatory conduct leading to the search of Defendant's residence and the ultimate discovery of a large quantity of marijuana, drug paraphernalia, and a gun. We find this to be more than sufficient indicia of reliability.

Likewise, under a preponderance of the evidence standard, we see no clear error in the district court's determination that the phone calls dating back to July 2008 constituted "relevant

15

conduct" within the meaning of U.S.S.G. § 1B1.3(a)(2). While true that we cannot know definitively the nature of, or what was discussed during, the phone calls between Defendant and the other individuals, it was not unreasonable for the district court to find that a preponderance of the evidence, including the direct investigative links, supported the conclusion that the calls were to further Defendant's marijuana distribution activities. As such, the district court did not commit clear error when it determined that Defendant's "relevant conduct" fell within the requisite ten-year period to make the higher base offense level applicable.

D.

Finally, Defendant argues that the district court erred by applying the sentencing enhancement under U.S.S.G. § 2K2.1(b)(6), i.e., that Defendant possessed the firearm in connection with another felony. Specifically, he contends that in light of the handgun's location in the garage, separated from the marijuana and drug paraphernalia in the master bedroom, and a lack of evidence that he ever used the handgun, the Government failed to show the requisite nexus between his drug crime and the handgun. Our review of this issue is the same as Defendant's argument concerning the district court's "relevant conduct" determination. United States v. Garnett, 243 F.3d 824,

828 (4th Cir. 2001) ("The government bears the burden of proving the facts necessary to establish the applicability of [the U.S.S.G. § 2K2.1(b)(5)] enhancement by the preponderance of the evidence, and we review the district court's findings of fact for clear error, giving due deference to the district court's application of the Guidelines to the facts.").

At sentencing, the district court noted that ammunition was found in close proximity to the drugs in the master bedroom, the gun was located in a place convenient to enter and exit from the house, and Defendant's father had not seen the gun in October 2008 when he cleaned out the filing cabinet, suggesting that it was not kept there all the time. Moreover, the district court found the obliterated serial number to be especially significant, as in the view of the district court, that is the type of weapon expected to be associated with dealing drugs.

Under a preponderance of the evidence standard, we see no clear error in the district court's determination that the firearm was used in connection with Defendant's marijuana distribution activities. See, e.g., United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003) ("[A] weapon is used or possessed 'in connection with' another offense if the weapon facilitates or has a tendency to facilitate the other offense." (internal quotation marks and citation omitted)); U.S.S.G. § 2K2.1 cmt. n.3 ("The enhancement should be applied if the weapon

17

was present, unless it is clearly improbable that the weapon was connected with the offense.").

                            III.

In sum, Defendant received a fair trial, free of prejudicial error, and the sentence imposed was both procedurally and substantively reasonable.

                                              AFFIRMED

18